Pouder *v.* Tate.

Filed June 19, 1884.

———————◆———————

No. 10,477.

POUDER *v.* TATE.

RECEIVER.—*Evidence.—Practice.—Mortgage.*—The Supreme Court will not, in an application for the appointment of a receiver in an action to foreclose a mortgage, disturb the conclusion reached by the trial court as to the sufficiency of the mortgaged property to discharge the debt.

SAME.—*Demurrer.*—It is not error to refuse to permit a demurrer to be filed to such an application.

SAME.—*Petition for Foreclosure.*—Where, in the foreclosure of a mortgage, the appointment of a receiver is asked, it is not essential to aver in the petition that the mortgagor is insolvent.

From the Hamilton Circuit Court.

*G. W. Galvin, D. Moss* and *R. R. Stephenson,* for appellant.

*F. Knefler, J. S. Berryhill, B. Harrison, W. H. H. Miller,* and *J. B. Elam,* for appellee.

HAMMOND, J.—During the pendency of an action to foreclose a mortgage, executed by the appellant to the appellee, the latter procured the appointment of a receiver to take charge of the mortgaged premises and the rents and profits thereof pending the litigation. The appellee's petition asking the appointment of a receiver stated facts showing that the mortgaged property was not of sufficient value to discharge the mortgage, prior encumbrances and taxes. The petition was sustained by affidavits filed in its support, and was opposed

by affidavits filed in behalf of the appellant. Upon a question of fact thus presented, we can not disturb the conclusion reached by the trial court.

The appellant offered to file a demurrer to the appellee's petition for the appointment of a receiver, but was not permitted to do so. An application for the appointment of a receiver pending litigation is made upon petition or motion. Affidavits and counter affidavits may be filed, or oral testimony heard, and an exception taken to the sustaining or the overruling of such petition or motion presents the question of the correctness of the ruling. This, we think, is the correct practice.

It is claimed that as the insolvency of the mortgagor was not averred in the petition, the appointment of a receiver was unauthorized. This averment is not essential where, in the foreclosure of a mortgage, the appointment of a receiver is asked. In such case it is only required to show that the mortgaged property is not sufficient to discharge the mortgage debt. Section 1222, R. S. 1881, clause 4. This fact was plainly presented by the appellee's petition, and sufficiently sustained by affidavits filed in its support, to prevent this court from interfering with the action of the trial court in appointing a receiver.

Judgment affirmed, with costs.

Filed June 21, 1884.