Filed Jan. 3, 1885.

---

No. 9606.

HURSH ET AL. *v.* HURSH.

TIME.—*Appeal.—Receiver.*—An appeal from an interlocutory order appointing a receiver was perfected July 25th, the order having been entered July 16th. ·

*Held*, that the appeal was within ten days as required by section 1231, R. S. 1881.

MORTGAGE.—*Foreclosure.—Receiver.—Practice.* — In a suit to foreclose a mortgage, a receiver is appointed on motion or petition therefor, and on such application the complaint can not be questioned by demurrer or otherwise. The application may be heard on affidavits or oral testimony, and much in the discretion of the court, and an exception to granting or refusing the motion saves the question for appeal; and erroneous statements in such affidavits may be corrected by additional affidavits.

SAME.—*Statute Construed.*—The statute, R. S. 1881, section 1222, warrants the appointment of a receiver in a suit to foreclose a mortgage, without reference to the solvency of the mortgagor, when it appears that the mortgaged property is not sufficient to satisfy the debt, and he may be authorized to take possession of the land and crops growing thereon, though the mortgagor be at the time in possession.

From the Carroll Circuit Court.

*W. C. Wilson, J. H. Adams, R. P. Davidson* and *J. C. Davidson*, for appellants.

*A. Parsons*, for appellee.

COLERICK, C.—This is an appeal from an order of the Carroll Circuit Court appointing a receiver. A motion has been made in this court by the appellee to dismiss the appeal, because the same was not taken within the time required by the statute, which provides that " In all cases hereafter commenced or now pending in any of the courts of this State,

in which a receiver may be appointed or refused, the party aggrieved may, within ten days thereafter, appeal from the decision of the court to the Supreme Court, without awaiting the final determination of such case," etc.   Acts 1875, p. 117, section 2; R. S. 1881, section 1231.   The record shows that the order was made on the 16th day of July, 1881. The record was filed in this court on the 25th day of July, 1881, which was within ten days after the making of the order. The appeal was taken in time, and, therefore, the motion to dismiss the appeal is overruled.

The action in which the receiver was appointed was brought by the appellee to foreclose a mortgage executed to him by the appellant Philip Hursh on a farm in Tippecanoe county, Indiana, and given to secure the payment of the unpaid balance of the purchase-money for said farm.   During the pendency of the action, the appellee moved the court for the appointment of a receiver to take possession of the mortgaged property and secure the application of the rents and profits arising therefrom to the payment of the debt secured by the mortgage.   In support of this motion the appellee presented affidavits of divers persons, showing, or tending to show, that the value of the property mortgaged was less than the unpaid balance of the debt secured by the mortgage, and that the appellant Philip Hursh was insolvent, and was committing irreparable injury and waste to the property; and the appellants, in opposition to the motion, presented counter-affidavits refuting, or tending to refute, the statements set forth in the affidavits so presented by the appellee; and, thereupon, the appellee was permitted by the court, over the objection of the appellants, to present additional affidavits, some by persons who had made counter-affidavits as above referred to, and in which new affidavits they explained and qualified certain material statements contained in their former affidavits, and the residue of the additional affidavits, so presented, related to the alleged insolvency of the appellant Philip Hursh.   Upon this proof the court sustained the motion, and made an order

appointing a receiver, as moved for. The following is the material part of the order : "And it is therefore ordered, that John Snyder be and he is hereby appointed receiver of the premises embraced in the mortgage described in the plaintiff's complaint, and he is directed to take possession of the same, with the growing crops thereon, and to cultivate and gather such crops, and to prevent any waste or destruction of said premises. The receiver shall retain possession of such crops until the further order of this court, but he shall not take possession of the wheat crop, which has been cut and severed from the realty, and said receiver shall not take possession of the dwelling-house, barn and out-houses on said premises, or the orchard and grounds surrounding the dwelling-house, not exceeding ten acres, but shall leave the defendants in possession thereof." The appellants moved the court to modify the order so as to exclude therefrom the growing crops on said mortgaged premises, which motion was overruled. From the order so made the appellants have appealed to this court. The questions presented for our consideration are thus stated by the appellants in their brief:

" 1. The court below erred in the appointment of a receiver, because it was not alleged in the complaint, nor established by the proof, that the land covered by the mortgage was inadequate for the payment of the plaintiff's debt.

" 2. The court below erred in the appointment of a receiver, because the insolvency of the defendant Philip Hursh was not established by the proof.

" 3. The court below erred in the appointment of a receiver, because it was shown that the defendant Philip Hursh was in the actual possession of the real estate in controversy by himself, and not by a tenant.

" 4. The court below erred in refusing to modify the order for the appointment of a receiver, so as to exempt from the effect thereof the growing crops of the defendant on the real estate in his actual possession."

We will consider these questions in the order presented by the appellants:

*First.* The application for the appointment of a receiver in this case was granted by the court, on motion of the appellee, founded upon affidavits presented by him in support thereof.

The sufficiency of a complaint in an action like this can not be assailed in this court on an appeal from an interlocutory order merely of the court below, appointing, on motion, a receiver to act therein during the pendency of the action. See *Main* v. *Ginthert*, 92 Ind. 180; *Pouder* v. *Tate*, 96 Ind. 330. In the case first cited, it was held by this court that on such an appeal no question can be presented as to the sufficiency of the complaint, as the pleadings in the action, and the proceedings therein, except those which immediately led to the appointment of a receiver, are left open and undetermined, and consequently still within the control of the court below. And in the case last cited it was said : "The appellant offered to file a demurrer to the appellee's petition for the appointment of a receiver, but was not permitted to do so. An application for the appointment of a receiver pending litigation is made upon petition or motion. Affidavits and counter-affidavits may be filed, or oral testimony heard, and an exception taken to the sustaining or the overruling of such petition or motion presents the question of the correctness of the ruling. This, we think, is the correct practice." Adhering to these decisions, and applying to this case the rule established by them in this State, we can not consider the sufficiency of the complaint. The affidavits presented by the appellee in support of his motion were offered for the purpose of showing the insolvency of the appellant Philip Hursh, and that the mortgaged property was inadequate for the payment of the debt secured by the mortgage, and the counter-affidavits were presented in contravention of the statements set forth in the affidavits filed by the appellee, and thereby issues which merely presented questions of fact for the determination of the court below were formed. Upon questions of

fact, so presented, we can not disturb the conclusion reached by the trial court. See *Pouder* v. *Tate, supra; Long* v. *State,* 95 Ind. 481, and the cases there cited.

*Second.* It has been decided by this court that it is not necessary, on an application for the appointment of a receiver in a case like this, for the plaintiff to show the insolvency of the mortgagor. See *Pouder* v. *Tate, supra,* where it was said: " It is claimed that as the insolvency of the mortgagor was not averred in the petition, the appointment of a receiver was unauthorized. This averment is not essential where, in the foreclosure of a mortgage, the appointment of a receiver is asked. In such case it is only required to show that the mortgaged property is not sufficient to discharge the mortgage debt. Section 1222, R. S. 1881, clause 4. This fact was plainly presented by the appellee's petition, and sufficiently sustained by affidavits filed in its support, to prevent this court from interfering with the action of the trial court in appointing a receiver."

*Third* and *Fourth.* Under the sweeping provisions of the statute authorizing the appointment in this State of a receiver in cases like this—R. S. 1881, section 1222—we think the court below possessed ample power to authorize the receiver, for the purposes stated in the order appointing him, to take possession of the mortgaged property, as well as the crops growing thereon, although in the actual possession of the appellants. The propriety of investing the court with such power was purely a question for the Legislature to determine. It is our privilege and duty merely to construe the statute as enacted.

It is insisted by the appellants that the court below erred in permitting the appellee to present the additional affidavits above referred to. We think the court properly received the affidavits of persons, explaining and correcting erroneous assertions set forth in former affidavits by them made. It was proper for the court to do so, in justice to the persons who made the affidavits, and to the appellee, who, otherwise, might

have been prejudiced in his rights by the incorrect statements so corrected. The admission by the court of additional affidavits as to the insolvency of the appellant Philip Hursh, if material, was a matter so much " within the discretion of the trial court that the appellate courts uniformily refuse to interfere unless it clearly appears that there has been an abuse of discretion resulting in manifest injury " to the opposite party. · *Goodwin* v. *State,* 96 Ind. 550, and the cases there cited. It is not apparent that any such abuse of discretion occurred in this case. Nor was the question as to the insolvency of Philip Hursh of any materiality, as above decided, and hence, even if error was committed by the court in the admission of the affidavits, it was a harmless one, that would not authorize us to reverse the judgment or order of the court below.

As there is no error in the record, the order of the court below ought to be affirmed.

PER CURIAM.—The order of the court below is affirmed, at the costs of the appellants.

Filed Jan. 9, 1885.