No. 11,079.

## MILLER ET AL. *v.* GREEN.

SUPREME COURT.—*Practice.—Judgment by Agreement.—Fraud and Mistake.*— The decision of a trial court, upon a question as to whether or not judgment should be rendered on an agreement theretofore made of record between the parties, or whether such agreement was the result of mistake or fraud, will not be disturbed on appeal if the evidence tends to support such decision.

SAME.—*Bill of Exceptions.—Evidence.— Presumption in Aid of Judgment.*— Where the bill of exceptions does not affirmatively show that it contains all the evidence heard by the court on the trial, it will be presumed on appeal that the rulings below were fully justified by the evidence adduced.

From the Marion Superior Court.

*G. W. Galvin, J. C. Denny* and *J. M. Cropsey,* for appellants.

*S. J. Peelle, W. L. Taylor, B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellee.

ZOLLARS, J.—Appellee brought this action to recover from appellants the possession of real estate. On the 15th day of June, 1882, after the issues had been made up, the parties, by counsel, appeared in open court, and by agreement had entered of record, as a part of the proceedings in the case, a written agreement, whereby it was agreed that the parties in this case are the same as in the case of Davidson et al. *v.* Hutchings, theretofore decided by the superior court; that this cause should be stricken from the docket, to be re-docketed as in the agreement provided; that if, upon appeal to the Supreme Court of the case of Davidson et al. *v.* Hutchings, the judgment of the court below in that case should be affirmed, this cause should be re-docketed and a judgment rendered, and entered by agreement, for appellee, as in his complaint prayed, and without the benefit of an exception, a motion for a new trial, an appeal or review ; and that if, upon such appeal of the case of Davidson et al. *v.* Hutchings, the judgment in that case should be reversed, this same cause

should be reinstated for such further proceedings as might seem proper.

The entry of the agreement, as subsequently corrected, closes as follows: "And in case the appeal aforesaid (in the case of Davidson et al. *v.* Hutchings) is not perfected and submitted to the Supreme Court on or before the call day of the May term, 1882, next ensuing, then the plaintiff (appellee) shall have the right to have this cause re-docketed on motion, and final judgment as aforesaid entered. It is further mutually agreed, that this entry should have been made on May 8th, 1882, and to have been in effect from and after that time. And it is hereby agreed that it shall now be entered *nunc pro tunc* as of the date last named, and to have effect from said May 8th, 1882, and the same is now hereby so ordered."

At the September term of the court, 1882, appellants moved to strike out all the entry within the quotation marks above, upon the grounds: *First.* That that part of the agreement was entered into by mistake, etc.; *Second.* That it was in violation of, and rendered nugatory by, the balance of the agreement; and, *Third.* That it was placed on record without the authority of appellants' counsel, etc.

That motion, supported by affidavits, was overruled by the court on the 16th day of November, 1882, and the ruling was excepted to by appellants. The motion and affidavits in behalf of appellants in support of it, and the exceptions, were made part of the record by a bill of exceptions.

On the 15th day of November, 1882, appellee, by motion, asked to have the cause re-docketed, and that judgment in his favor should be rendered, in pursuance of the agreement entered, on the ground that the case of Davidson et al. *v.* Hutchings had not been appealed to the Supreme Court within the time named in the agreement as entered of record.

Appellants met that motion by a petition on their part to be relieved from the effects of the agreement as entered on the 12th day of June, 1882, stating the grounds for such relief. Appellants' petition was overruled, and they excepted.

Miller *et al. v.* Green.

Appellee's motion was sustained, judgment was rendered in his favor, and appellants again excepted. The petition, motion, rulings on the same, the exceptions, and the affidavits in support of appellants' petition, were made a part of the record by a second bill of exceptions.

The motion and petition by appellants, and the motion by appellee, each and all presented questions of fact to be determined by the court below.

Upon the evidence before the court, in the way of affidavits or otherwise, it was its province and duty to determine whether or not appellee was entitled to judgment under the agreement entered of record, or whether or not the agreement entered of record, or any part of it, was the result of mistake or unfair methods.

The decision of a trial court upon such a question will not be disturbed by this court, if the evidence tends to support such decision. *Epps* v. *State,* 102 Ind. 539 (556); *Long* v. *State,* 95 Ind. 481; *Hursh* v. *Hursh,* 99 Ind. 500 (503); *De-Hart* v. *Aper,* 107 Ind. 460; *Shular* v. *State,* 105 Ind. 289 (305) (55 Am. R. 211).

In the case before us, the bills of exceptions bring into the record the affidavits in support of appellants' motion and petition in relation to the entry of the agreement, but there is nothing in either bill showing, or indicating, that such affidavits were all the evidence or affidavits heard by the court below in support of, and against, the several motions and petitions by the respective parties.

Such being the case, this court can not say that the court below was in error in any of its rulings, of which complaint is here made.

When we look to other parts of the record, including the final judgment of the court, it is apparent that the bills of exceptions do not contain all of the evidence before the court below, and upon which it based its rulings. Upon the record before us, we must presume that the rulings below were

fully justified by the evidence before the court. When we have reached this conclusion, we. have disposed of the case.

The court below found that appellants agreed that the judgment should be rendered, and that they also agreed that judgment should be rendered and entered without the benefit of a motion for a new trial, exception or appeal, and rendered judgment accordingly.

It is unnecessary, therefore, for us to go into an examination of rulings of the court upon the pleadings, because the judgment could not be reversed on account of such rulings. We may say, however, that the questions which appellants' counsel make and discuss in relation to the pleadings, have been decided against their position in the case of *Davidson* v. *Koehler*, 76 Ind. 398. See, also, *Harris* v. *Carpenter*, 109. Ind. 540.

Judgment affirmed, with costs.

Filed Mar. 29, 1887; petition for a rehearing overruled June 30, 1887.