## JORDAN *v.* WALKER ET AL.

[No. 24,432.   Filed March 11, 1926.]

1. RECEIVERS.—*Application for appointment of receiver held insufficient although sworn to be true "in substance and in fact."* —An application for the appointment of a receiver alleging that applicant had been told certain things regarding the property in controversy and that he "believed" certain things in relation to said property, is not sufficient to establish his right to have a receiver appointed, notwithstanding the fact that the application was verified by an oath that the matters and things therein stated were true "in substance and in fact." p. 367.

2. RECEIVERS.—*Appointment of receiver without notice solely on verified petition alleging material facts on information and belief was error.*—The appointment of a receiver without notice on evidence which consisted solely of a verified petition alleging certain material facts only upon information and belief was error.   p. 367.

From the Rush Circuit Court; *Will M. Sparks*, Judge.

Action in replevin by Arthur Jordan against Alpheus Percy Walker and others.   From an order appointing a receiver without notice to plaintiff, he appeals.   *Reversed.*

*Titsworth & Titsworth* and *Elmer E. Stevenson*, for appellant.

EWBANK, C. J.—Appellant brought an action of replevin for the possession of certain imported Jersey cattle, alleged to belong to him and to have been delivered by appellee Walker and his wife to appellee Boyd, and to be detained on Boyd's farm in Rush county, Indiana. The defendants having failed to give an undertaking, within twenty-four hours, for the safekeeping and delivery of the property, the plaintiff gave such an undertaking, and the cattle were delivered to him, as provided by §1318 Burns 1926, §1270 R. S. 1881. On the same day that this undertaking was given, appellee Boyd, one of the defendants in the replevin suit, verified and filed a complaint, asking that a receiver for the cattle be appointed, without notice, and caused it to be presented to the judge of the Rush Circuit Court, wherein the replevin suit was pending, and procured the judge to appoint a receiver, without any notice to appellant, the plaintiff in the replevin suit, and to enter an order, "that said receiver take charge of the property described in the writ of replevin issued in this cause and manage and preserve the same until the further order of this court," fixing the amount of the receiver's bond at $5,000. Seven days later, appellant appeared and excepted to the appointment of the receiver, tendered and filed an appeal bond in the sum of $5,000, with sureties which were approved, and in all things duly perfected an appeal from the appointment of the receiver.

The record shows that the application for a receiver was based on the alleged facts that the cattle were the property of appellee Walker, who had "full and complete title" thereto, that Walker had put Boyd in possession of them under a certain alleged contract, that the cows were in such a condition that they could not

then be removed without injury to their health, and that appellant was intending to take them away, out of the county and beyond the jurisdiction of the court, together with the alleged fact that the petitioner, who claimed only the right of temporary possession and use, was a poor man, and not able to give a delivery bond in an amount equal to the value of the cattle. And the record further shows that the appointment of a receiver, without notice, was not based on any evidence whatever of the facts alleged except the verified complaint itself, no other affidavits having been filed.

In his verification of the complaint, appellee Boyd averred that the matters and things therein stated were "true in substance and in fact." But in the body of the pleading thus verified, the facts sworn to be true, so far as they related to Walker's title to the cattle or his right to hold possession of them or to transfer such right of possession to Boyd, were not shown to be within the affiant's own knowledge, the affidavit merely reciting that Walker "informed this said petitioner that he had purchased for and on his own behalf" the cattle in question, and "that affiant is informed and verily believes the defendant, Alpheus P. Walker, has full and complete title to said property." And after averring that Walker put Boyd in possession under a certain contract, the complaint further stated that affiant "believes he is entitled to possession of said animals for a period of five years from the 15th day of December, 1921, and to have said contract executed."

The mere fact that Boyd was told the cattle belonged to Walker, with whom he had a contract, and "believed" Walker to be the owner of them, and "believed"

**1, 2.** that his contract with Walker gave him the right to keep possession, did not constitute evidence that such were the facts, whatever force these averments might have as matter of pleading. The unsup-

ported assertion by a petitioner of his belief of facts which, if shown to be true, might give him some right to continue in possession of property that another is seeking to take from him by proceedings in replevin, is not sufficient to establish his right to the appointment, without notice, of a receiver for such property. It was error to appoint a receiver, without notice, upon evidence which consisted solely of a verified complaint alleging material facts only upon information and belief. *Tucker* v. *Tucker* (1924), 194 Ind. 108, 111, 142 N. E. 11, and authorities cited; *Mannos* v. *Bishop-Babcock-Becker Co.* (1914), 181 Ind. 343, 347, 104 N. E. 579; *Marshall* v. *Matson* (1908), 171 Ind. 238, 250, 86 N. E. 339; *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 81 N. E. 494, 11 L. R. A. (N. S.) 960, 11 Ann. Cas. 977.

Other grounds for holding the appointment of a receiver erroneous in the instant case are suggested by counsel, but since the judgment must be reversed for the reason indicated, we do not find it necessary to pass upon the sufficiency of any other reasons.

The judgment is reversed, with directions to set aside the order appointing a receiver.