## LYNE S. NEWELL ET AL. V. HENRY SCHNULL.

*Notice as to the Appointment of a Receiver.*—Where the appointment of a receiver is prayed for as a measure of final relief, the process that brings the defendant into court to answer the complaint is sufficient notice to him of the final relief prayed for.

Filed May 23, 1881.

Appeal from Marion Superior Court.

Austin F. Denny, for appellants, cited 2 R. S. 115, as to notice in appointment of receiver.

A. C. Ayres, E. A. Brown, for appellees, cited as to sufficiency of notice of appointment of receiver, *Drouillard* v. *Whistler*, 29 Ind. 552. That a specific prayer for such appointment was not necessary; *Shular* v. *Shular*, 56 Ind. 30-33.

Opinion of the court by Mr. Justice Worden.

This was an action by Henry Schnull against Lyne S. Newell and others to foreclose a mortgage executed by said Newell to the plaintiff. Samuel C. C. Newell was made a defendant, it being alleged in the complaint that after the execution of the mortgage Lyne S. Newell had placed on record a conveyance to him of the equity of redemption. As part of the final relief sought, there was a prayer in the complaint for the appointment of a receiver.

Judgment for plaintiff and a receiver appointed.

Appeal by the Newells from so much of the final order of the court as appoints the receiver, to general term, where the judgment at special term was affirmed.

The following paragraph in the brief of counsel for the appellants states the question involved: "The appellants, Newells, under the statute of March 12, 1875, 2 R. S. 115, joined in an appeal from the order of the court appointing a receiver, and it is from this order alone that the appeal is taken."

The first section of the statute above mentioned provides, " That receivers shall not be appointed by any court, in any case, until the adverse party shall have appeared and answered in the action pending, or shall have had reasonable notice of the pendency of the action and the application for such appointment."

The second section provides for an appeal from the order appointing or refusing to appoint a receiver.

The sole objection to the appointment of the receiver, is, that the appellants did not have due notice of the application therefor, as provided for in the statutory provision above quoted.

This objection has no foundation whatever so far as Lyne S. Newell is concerned, for he had appeared and filed his answer in the cause.

Samuel C. C. Newell, being a non-resident, was brought into court on an ordinary publication, and filed no answer in the cause. He appeared, however, for the purpose of objecting to the publication as being insufficient to authorize the appointment of a receiver.

The receiver was not appointed pending the action ; but the order of appointment follows the usual final decree.

The statute above quoted was not intended, as we think, to require any other or further notice of application for appointment of a receiver than the process or publication that brings the defendant into court to answer the complaint, where such appointment is asked only as part of the final relief sought.

Such special notice was intended to be required only in cases where a receiver is sought to be appointed *pending the action*, the defendant not having appeared and answered. Probably, in cases where the defendant does not appear and answer, and there is no demand in the complaint for the appointment of a receiver, none could be appointed even on notice, because, where there is no answer, the plaintiff can have no relief beyond that demanded in the complaint. Code § 380.

But where, as in this case, the appointment of a receiver is prayed for as a measure of final relief, the process that brings the defendant into court to answer the complaint, is sufficient notice to him of the final relief prayed for.

There was, therefore, no error in the ruling of the court below at general term.

The judgment below is affirmed with costs.