No. 17,349.

## THE SULLIVAN ELECTRIC LIGHT AND POWER CO. ET AL. *v.* BLUE.

APPELLATE PROCEDURE.—*Appeal from Interlocutory Judgment.— Appointing Receiver.—Sufficiency of Complaint.*—The sufficiency of a complaint will not be considered upon appeal from an interlocutory judgment appointing a receiver as auxiliary to a pending action, further than to test its sufficiency so far as it relates to the appointment.

RECEIVER.—*Affidavit.—Sufficiency of Complaint.—Temporary Pending Suit.— Without Notice.*—A liberal construction will be given to a complaint in determining its sufficiency so far as it relates to the appointment of a temporary receiver pending the action, but it must state a cause for such appointment; and if the application is made without notice, the cause for an appointment without notice must appear either in the verified complaint or by affidavit, under section 1244, R. S. 1894, providing that a receiver shall not be appointed without notice of the application to the adverse party, except upon sufficient cause shown by affidavit.

SAME.—*Appointment Without Notice.—Insufficient Cause.—Affidavit.* —Sufficient cause within the meaning of section 1244, R. S. 1894, forbidding the appointment of a receiver without notice to the adverse party, except upon sufficient cause shown by affidavit, is not shown where it affirmatively appears that notice could easily have been given, and it does not appear, either by affidavit or by verified complaint, that irreparable or other damage would have resulted from giving the same.

From the Sullivan Circuit Court.

*J. S. Bays*, for appellants.

*W. S. Maple* and *J. Hays*, for appellee.

McCABE, J.—This is an appeal from an interlocutory order appointing a receiver for the appellant made in vacation at chambers by the judge of the circuit court. Error is assigned upon the action of the court: (1) In appointing a receiver. (2) In appointing a receiver with-

out notice. (3) In overruling appellant's motion to vacate the order appointing the receiver, that such appointment was contrary to law and the evidence, and is not sustained by sufficient evidence. It is contended by the appellee that these assignments do not present any question as to the propriety of the appointment of the receiver, because there is no assignment that "the complaint does not state facts sufficient to constitute a cause of action.

In *S. S. O. Iron Hall* v. *Baker* (20 L. R. A. 210), 134 Ind. 293, at pages 304–5, this court said: "We think there can be but little doubt as to what the true rule in this regard is. If the appointment of a receiver is but an auxiliary to a pending action, to keep intact a fund sought to be reached and applied in satisfaction of a final judgment to be rendered, or to aid in carrying out the final object of the main action, the sufficiency of the complaint will not be tested on appeal from an interlocutory order appointing a receiver, in so far as it relates to its sufficiency to entitle the party to the relief asked in the main action. In that respect, it is under the control of the trial court, and may be amended at any time before final judgment. But the court will look to the complaint, and test its sufficiency in so far as it relates to the appointment of a receiver, whether the appointment be as an auxiliary to an action, or whether the suit is being prosecuted for the sole purpose of appointing a receiver. There must be some application filed on behalf of the party seeking the appointment of a receiver and invoking the powers of the court to be exercised in that behalf. He must map out some form of pleading stating a cause for the appointment of a receiver, that the opposite party may know on what grounds the right to a receiver is claimed, and that they may know what they have to meet and defend against to prevent the appointment and the pleadings

in this behalf will bound and limit the inquiry." *Steele* v. *Aspy, Admr.*, 128 Ind. 367.

It results from the principles thus announced, that an assignment that the complaint does not state facts sufficient to constitute a cause of action in this sort of an appeal would not present any question this court could entertain, because the action is still pending in the trial court where the complaint may be amended. The appeal is not allowed in such cases for the purpose of testing any questions on the merits any farther than they or some of them may become incidentally involved in determining the correctness of the court's action in appointing or refusing to appoint a receiver. *Steele* v. *Aspy, supra; S. S. O. Iron Hall* v. *Baker, supra.*

On appeal from an order appointing a receiver, no questions are considered except those involved in the appointment. *Main* v. *Ginthert,* 92 Ind. 180.

An assignment of error upon the order of the court appointing a receiver was held good in *Main* v. *Ginthert, supra.*

The appointment in this case was made without notice, upon the verified complaint and oral statements of the plaintiff under oath, as the record recites.

It is contended by the appellant, that the facts stated in the verified complaint as the cause for the failure to give notice of the application are not sufficient.

The statute provides that "Receivers shall not be appointed, either in term or vacation, in any case until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit." R. S. 1894, section 1244; R. S. 1881, section 1230. Other sections of the statute specify causes for appointment of receivers.

Cause for the appointment is one thing, and cause for

appointment without notice is another and different thing. It is contended by the appellant that no cause is shown in the complaint for the appointment independent of the question of notice, and it is also contended that no cause is shown in the verified complaint for the appointment without notice.

In view of the fact that the complaint may be amended in any respect within the general scope and purpose of the action, and so far as the appointment is concerned it may be supplemented and enlarged by the presentation of affidavits or the introduction of oral testimony in support of the application and all will be taken into consideration in determining the right to and necessity for such appointment, it necessarily results that a very liberal construction must be given to the complaint. It cannot be construed by any harsh and technical rule in these respects, but it must state at least a cause for the appointment of a receiver; and, in case of any appointment without notice, it must appear either in the verified complaint or by affidavit that there was cause for such appointment without giving notice. Otherwise such an appointment is expressly forbidden by the statute quoted.

The material facts stated in the complaint, as to the right to have a receiver appointed without notice, are, that the Sullivan Electric Light and Power Company is a corporation organized under the laws of Indiana, with its principal office and place of business in the town of Sullivan, in Sullivan county, Indiana; that it was incorporated under the statutes of this State, providing for the formation of mining and manufacturing corporations, and its articles of incorporation provide that its business and prudential affairs shall be conducted by a board consisting of ten directors to be selected by the stockholders; that the capital stock of said corporation is $15,000.00, divided into 600 shares of $25.00 each, and

over 300 shares and less than 400 shares thereof has been issued; that said company was incorporated in 1888; that the plaintiff is and has been the owner of 40 shares of said stock ever since June 30, 1890 ; that the defendants James T. Reid, Robert H. Crowder and Claude H. Crowder are also stockholders of said corporation, and this suit is brought for the use and benefit of the plaintiff and all the stockholders of said corporation not parties hereto; that the by-laws of the corporation provide that the directors shall elect one of their number president, and also elect a secretary and treasurer, and also provide further that the directors shall select an executive committee, consisting of three persons, and also provide for quarterly meetings of the directors, and that the executive committee in the interim shall have authority to act in cases of emergency, and that their acts shall be reported to the directors at the next ensuing meeting, and be subject to the approval and confirmation of the board of directors ; that said by-laws further provide that the executive committee shall select a superintendent to operate and superintend the usual operation of the affairs of said corporation, the object expressed in the articles of incorporation of said company being : "The manufacture, supply and sale of electric light and power ;" that about the time of the incorporation of said company a contract was procured for lighting the streets, alleys and public places of the town of Sullivan, stipulating that said company was to furnish twenty-five arc lights to the town of Sullivan, at the price of $100.00 a year, aggregating $2,500 ; that said contract expired about the month of October, 1893, which constituted the principal source of revenue for said company ; that since the annual meeting of 1890 there has been no lawful meeting of the stockholders held, and no directors lawfully elected ; that the executive commit-

tee have taken no action since that of the year 1890, which has been reported to the directors for confirmation, or confirmed by them.; that the executive committee, selected by the directors after the annual meeting in 1890, elected defendant, James T. Reid, superintendent for the next ensuing year; that since his election and the expiration of his term of office no superintendent has been elected, but said superintendent continued to act without authority of law, the sanction of the board of directors, or the executive committee, as provided by the by-laws, and has greatly exceeded all authority that he could have had as such superintendent, had he been properly elected, in expending large sums of money in no wise connected with the operation of said company's business; that about the time of the annual election of 1890, defendant, James T. Reid, became the owner of the majority of the stock of said company, and then formed a fraudulent design of so managing the affairs and business of said corporation, as to absorb for his own use and benefit all the emoluments and earnings of said company, and to deprive the plaintiff and other stockholders in said company of their rights to participate in the earnings and profits of said corporation, and in pursuance of said fraudulent purpose and design, from thence until the month of December, 1893, fraudulently and wrongfully managed and conducted the affairs of said corporation in an unlawful, high-handed and autocratic manner, solely for his own use and benefit, and in the manner hereinafter alleged, that is to say: The said James T. Reid, as such superintendent, issued large vouchers, payable to himself, signed the checks himself for the same, procured the money thereon to be paid to himself; that he employed himself to do various things for the company, and allowed himself exorbitant pay

therefor, hired and employed his own teams to work for the company at exorbitant prices, approved the bills for himself and paid himself therefor, rented an office of himself and paid himself therefor; that prior to the year 1890, said company took a lease of a building and water privilege from said Reid for a term of years at $20.00 a month, he guaranteeing an ample supply of water, stipulating to pay all damages for failure thereof; and that said supply of water did fail, so that the company was unable to run its lights for a considerable length of time, to the damage of the company, in the sum of $500.00, which said Reid, as such superintendent, neglected and failed to collect from himself; that said lease has expired, and said company has no lease for such building and water privileges; that during the time defendant Reid has been so managing the affairs of said corporation, said company has been, since December, 1893, earning a large sum of money over and above its legitimate operating expenses which, plaintiff charges, amounts to $10,000.00, for which sum Reid has failed to account; that said money has not been disbursed among the stockholders of said company, nor any proper or sufficient report of any kind made to the president or treasurer, secretary or directors, nor to the stockholders, showing what disposition is made of this money; that said Reid has not kept the president, stockholders or directors informed of the financial condition of the company; that he has allowed unnecessary salaries to be paid in excess of that allowed by the board of directors, without warrant or authority, the same having been paid to himself and his son, Paul S. Reid; that since the year 1890, no ledger and journal accounts have been kept of the operations of said company showing receipts and expenditures; that in the year 1893, about the time the contract to light the town

of Sullivan expired, said town advertised for bids to light said town for a period of five years more; that said Reid failed and neglected to call a meeting of the directors or stockholders, or take any action with a view of securing the the new contract to light said town for said company, but fraudulently and in violation of the trust reposed in him, put in a bid for himself, and in his own individual name and behalf, to light said town; that by reason of such neglect and violation of duty on part of said Reid, the contract for lighting said town was awarded to, and secured by one, James H. Clugage, for a term of five years; that said Clugage executed a bond with William H. Crowder as surety, who is a brother of defendant, Robert H. Crowder, and an uncle of Claude H. Crowder; and also Fred E. Basler as sureties in the penal sum of $5,000.00, conditioned for the faithful performance of said contract to light said town; that immediately thereafter, said Reid sold one half of his stock to defendant, Robert H. Crowder, amounting to 144 shares; that it was then and there agreed between defendant Reid and Robert H. Crowder, that they would vote their stock together, and continue to control the affairs of said corporation in the same manner that said Reid had previously been controlling the same; that said Reid made a pretended resignation as superintendent, and said defendant, Claude H. Crowder, at the instance of Robert H. Crowder was attempted to be appointed as superintendent of said company, and said defendants at the same time attempted to have themselves, to-wit: Robert H. Crowder, James T. Reid and Claude H. Crowder, appointed as an executive committee, and are so assuming to act at this time, with said Claude H. Crowder assuming to act as superintendent; that after the letting of the contract aforesaid to said Clugage, the defendants Reid, Crowder and Crowder,

conspiring to injure the other stockholders, and without authority of the stockholders or any meeting of the board of directors, reduced the price of lights below the cost of running the same, making a reduction of 40 per cent. below former prices in order to bankrupt the competing company represented by said Clugage; that said Clugage failed to carry out his said contract with said town, by which the sureties on the bond of said Clugage, William H. Crowder and Fred E. Basler, are liable to said town in damage; that said defendants, James T. Reid and Robert H. Crowder, without authority from said corporation so to do, purchased the poles erected by said Clugage under his contract to light the town, paying, or agreeing to pay, $1,750.00, and sold a number of poles, the property of the defendant corporation, and said defendants, Crowders and Reid, threatened to charge the purchase of said poles to the defendant corporation, the same being useless and unnecessary; that said defendants afterwards fraudulently and corruptly offered to vote their stock to carry out a contract for the sale of the said poles so bought as aforesaid, and the good will of the defendant corporation for $800.00, charging $2,050.00 for the good will of the defendant, and fraudulently undertook and agreed to vote their stock so that the defendant corporation should go out of business, and not be a competitor to any person who would buy said poles, and threatened to appropriate said $2,050.00 to themselves individually; that defendants, Crowder, Crowder and Reid, have agreed to indemnify the said William H. Crowder, because of loss on the bond of Clugage; that said last named defendants are taking no steps to bid for the contract to light said town which is advertised to be let on the 12th day of July, 1894, for the unexpired term of the forfeited Clugage contract, and said defendants have conspired together not to bid, nor

permit a bid to be made therefor on behalf of said defendant corporation; that said defendants entered into a fraudulent agreement with each other, and fraudulently undertook to induce the said William H. Crowder not to furnish money to assist said Clugage to carry out his said contract with the said town, and they promised said William H. Crowder that they would indemnify him from loss and liability on his bond aforesaid; that by reason of their undertaking to indemnify the said William H. Crowder on his bond aforesaid, and by reason of their being in control, and fraudulently and corruptly managing the affairs of the defendant corporation, it is in great danger of becoming insolvent, and is prevented from becoming a bidder to light said town; and their interest in indemnifying said William H. Crowder on his bond has wholly disqualified them from directing the affairs of said defendant corporation in its interest, and to the interest of its stockholders, refusing as they do, to take the advice or direction of the board of directors, or stockholders, not parties hereto, or of the plaintiff, to the damage of said corporation in the sum of $1,000.00; that on account of grievances aforesaid an accounting is due from said James T. Reid to said corporation and said defendants, Reid, Crowder and Crowder are liable for damages, and a receiver should be appointed to take charge of the affairs of the defendant corporation until an accounting can be had and a judgment recovered against the said James T. Reid, Robert H. Crowder and Claude H. Crowder for the amount due from James T. Reid, and for the damages due from them and each of them severally to the said corporation; that said Crowders and Reid are neglecting to keep the property of said corporation in repair, notwithstanding its earnings were much more than sufficient so to do; that they are threatening and attempting to make deals in such a way as to

The Sullivan Electric Light and Power Co. *et al. v.* Blue.

take said corporation out of business, to the damage of the plaintiff; that an emergency exists for the immediate appointment of a receiver without notice, in this, that if said defendants, Reid and Crowders, are notified of this application before the same can be granted, will jeopardize the interests of said corporation by seeking to consummate said indemnity to said William H. Crowder on his bond aforesaid, and will afterwards by their majority of stock attempt to vote the same as an obligation upon the defendant corporation, and they will so conceal their actions as to jeopardize the rights of said corporation as to cause irreparable damage to said corporation and to produce utter insolvency of the same.

Where there is an appearance by the adverse party to an application for the appointment of a receiver, or where there has been notice of such application to such party, the complaint and affidavits may not contain or state facts enough to warrant or justify the appointment of a receiver, and yet the oral evidence adduced may have been sufficient to enlarge the cause stated on paper, so as to entitle the applicant to the appointment applied for. Not so in the case of an appointment without notice. There the statute quoted has wholesomely provided that cause for an appointment of a receiver without notice to the adverse party must be shown by affidavit. That implies that it must be in writing and filed as the cause of such appointment. Thus the adverse party may know the exact facts upon which the judge acted in appointing a receiver in his absence and wresting from him the control of his property without a hearing or an opportunity for such hearing. Without such facts being spread upon the record on appeal to a higher court from such an interlocutory order allowed by another section of the same statute, the appeal might prove to be fruitless and unavailing. So that we must look to the facts stated

on paper, at the time the application in this case was made, exclusively to find the cause, if any there was, to justify the appointment without notice.

It was said by this court in *Pressley* v. *Harrison*, 102 Ind. 14 (19), speaking about the appointment of a receiver without notice, that "Unless it is shown on account of absence, or for some other cause process cannot be served on the defendant, the application should not be entertained until after service and notice." To the same effect is *Wabash R. R. Co.* v. *Dykeman*, 133 Ind. 56.

Here it is shown that the defendant corporation was located with its office and place of business in the town of Sullivan where the action was begun. It, therefore, appears affirmatively that giving the defendant notice was but the work of a few moments. No facts are stated in the verified complaint, even if we treat it as an affidavit required by the statute, that irreparable injury, or any other kind of damages, would have resulted to the corporation by the giving of notice of the application. We need not and do not decide whether the complaint stated facts sufficient to constitute cause for the appointment of a receiver, had there been notice of the application to, or an appearance by, the adverse party. *Wabash R. R. Co.* v. *Dykeman, supra.* But we do hold that no sufficient cause is shown for an appointment without notice ; and that the court erred in making such appointment without notice.

The interlocutory order appointing a receiver is reversed, with directions to set aside said appointment.

Filed October 31, 1895.