No. 17,592.

THE WINCHESTER ELECTRIC LIGHT CO. *v.* GORDON
ET AL.

RECEIVER.—*Appearance by Defendant.—Appointment at Chambers Without Notice.*—Appearance by defendant in an action solely for the appointment of a receiver does not authorize an appointment without notice at chambers, under section 1244, R. S. 1894, providing that receivers shall not be appointed in term or vacation until the adverse party shall have appeared and had reasonable notice of the application, although the appointment might be made in open court.

From the Wayne Circuit Court.

*Burchenal & Rupe*, for appellant.

*Watson, Macy & Goodrich*, for appellees.

McCABE, J.—The appellees sued the appellant in a complaint of two paragraphs in the Randolph Circuit Court, the sole object of both of which paragraphs was to secure the appointment of a receiver for said company. The appellant, as the record recites, appeared on September 4, 1894, in the Randolph Circuit Court and demurred to the complaint, but the demurrer is not set out in the transcript. The record discloses no action taken upon the demurrer.

On December 27, 1894, the appellant moved the court, on affidavit filed on its behalf, to change the venue from the county, which was granted, and the cause was sent to the Wayne Circuit Court. These are the only steps taken in the cause by the appellant until after a receiver was appointed. On February 6, 1895, the transcript was filed in the office of the clerk of the Wayne Circuit Court; and on the 19th day of said

month the appellees filed a supplemental complaint in the Wayne Circuit Court, showing the destruction by fire of the buildings of appellant's plant, and that the same were insured in three insurance companies named, and asking such companies to be made parties defendant, so as to prevent the insurance money from being paid to the officers of the appellant company, because, as was alleged, they would dispose of said money, if allowed to receive it, without applying the same in payment of its debts, the two previous paragraphs of the complaint having alleged the total insolvency of said company.

The supplemental complaint concludes thus : "Wherefore plaintiffs say that an emergency exists for the immediate appointment of a receiver without notice, and plaintiffs aver that if the appointment is delayed until notice of this application is given, the said defendant, the Winchester Electric Light Company, through its officers may and will obtain possession of said insurance money, and that it will be thereby lost to these plaintiffs as a security for the payment of their mortgage lien and judgment."

And thereupon the judge of the Wayne Circuit Court at chambers, on the 19th day of February, and not in open court, though that was the twelfth judicial day of the February term of said court for 1895, and in the absence of appellant, and without any notice to it of any kind, appointed a receiver to take possession of all appellant's property upon the showing contained in the complaint, which was not verified by affidavit and without any other proof or showing whatever.

From this order this appeal is prosecuted, and error is assigned on such action of the Wayne Circuit Court.

The statute provides that "Receivers shall not be appointed, either in term or vacation, in any case until

the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit." R. S. 1894, section 1244 (R. S. 1881, section 1230).

If the appointment of a receiver is prayed for as final relief, no other notice is required than that of the summons to the defendant. *Newell* v. *Schnull*, 73 Ind. 241. No summons is needed if the defendant appears to the action. The appellant had appeared in this case by taking two distinct steps in the cause while the same was in the Randolph Circuit Court, by demurring to the complaint and by moving for and obtaining a change of venue to the Wayne Circuit Court. And had the application been granted and the receiver appointed in open court, there could have been no valid objection urged to such appointment for want of the presence of the defendant in court at the time, having once appeared, or for want of cause shown by affidavit for such appointment. But when such appointment is made at chambers and not in open court, though during term time, if such an appointment can be made at all, all the reasons requiring notice stating time and place of such application, or in case of emergency that sufficient cause for appointing without notice must be shown by affidavit, apply the same as if the appointment had been made in vacation. In fact, the only relief sought was the appointment of a receiver for the appellant corporation. The appearance entered by appellant performed the office of process to bring the appellant into court so as to confer jurisdiction over the person of the defendant. This must be held to be jurisdiction to make orders and enter judgment in the case against the defendant, whether actually present in court or not. But such appearance or process does not authorize the

court to so act at any other place or time than in open court when in session.

If the appointment had been made in vacation without notice thereof, the cause therefor must be shown by affidavit or the appointment would be erroneous. *Sullivan Electric Light and Power Co.* v. *Blue,* 142 Ind. 407.

The reason for not requiring. the cause to be shown by affidavit, where the defendant has appeared, is because he may protect himself by objecting to the competency of plaintiff's evidence, or showing of cause for the appointment, cross-examine his witnesses and introduce countervailing witnesses and evidence, and failing in his opposition to the appointment, may take a bill of exceptions, incorporating the evidence and rulings of. the trial court, and appeal to this court. All this implies that it must be done either in open court or, if somewhere else, he must be present or have an opportunity to be present by notice of time and place.

But he can no more do this if the appointment may be made at chambers or under a bushel without notice and without affidavit, showing the sufficient cause required by the statute, than if such appointment had been made in vacation without such notice and without such affidavit. *Sullivan Electric Light and Power Co.* v. *Blue, supra.*

The court erred in making the appointment at chambers without notice and without any proof or showing of cause except the unverified complaint.

Judgment reversed.

MONKS, J., took no part in this decision.