168 485
168 527
168 530

168 485
171 249

# CONTINENTAL CLAY & MINING COMPANY *v.* BRYSON.

[No. 20,932.   Filed May 17, 1907.]

1. **APPEAL.**—*Receivers.*—*Interlocutory Orders Appointing.*—On an appeal from an interlocutory order appointing a receiver, only those questions which immediately led to the appointment will be considered.   p. 486.

2. **SAME.**—*Receivers.*—*Refusal to Set Aside Order Appointing.*— No appeal lies from a ruling refusing to set aside an interlocutory order appointing a receiver; and when such a motion is overruled, the appeal taken is not from such ruling, but from the order appointing the receiver.   p. 487.

3. **SAME.** — *Receivers.* — *Interlocutory Appointment.* — *Motion, After' Appeal, to Set Aside.*—*Waiver.*—Defendant, by moving, after appeal, for the trial court to vacate an interlocutory order appointing a receiver, does not waive the right to question the legality of such appointment on appeal.   p. 487.

4. **RECEIVERS.**—*Appointment Without Notice.*—Courts of equity, on an *ex parte* application, will not appoint a receiver for a corporation, except where it is out of the jurisdiction of the court, or its officers cannot be found, or where a failure to appoint would work an irreparable loss or destruction of the property.   p. 489.

5. **PLEADING.**—*Receivers.*—*Applications for.*—An application for the appointment, without notice, of a receiver, showing that plaintiff "believes" that the person in charge of the property would not dispose of such property to the best advantage, and

that such person is a nonresident and will probably take such assets out of the State, is insufficient, since facts and not opinions are necessary. p. 490.

6. PLEADING.—*Receivers.*—*Applications for.*—A complaint for the appointment, without notice, of a receiver of a corporation whose office is in the county, showing that it could readily have been served with notice, and failing to show that a delay would work a destruction of the property, or an irreparable injury, is insufficient for the making of such an appointment. p. 490.

From Clay Circuit Court; *Presley O. Colliver,* Judge.

Suit by John G. Bryson against the Continental Clay & Mining Company. From an interlocutory order appointing a receiver, defendant appeals. *Reversed.*

*S. M. McGregor,* for appellant.

*A. W. Knight* and *George A. Knight,* for appellee.

MONKS, J.—This is an appeal from an interlocutory order appointing a receiver without notice. The complaint was filed and summons issued September 8, 1906. On the same day the judge of the court below, at chambers, without notice to or appearance of appellant, appointed a receiver of all its property rights, credits and effects.

Appellee has filed in this court an affidavit showing that, after this appeal was perfected, appellant filed in the court below, on October 8, 1906, "its written motion to vacate and set aside the interlocutory order appealed from, and discharge the receiver, and that said motion is still pending in the court below undetermined, and involves the same question as the one in this appeal." Appellee claims that these facts show "a waiver of appellant's right further to prosecute this appeal." It has been held by this court that on an appeal from an interlocutory order appointing a receiver, no questions will be considered except such as immediately led to the appointment of the receiver, leaving all other matters in the court below. *Wabash R. Co.* v. *Dykeman* (1892), 133 Ind. 56, 57, and cases cited.

No right of appeal is given from a ruling of the court overruling a motion to set aside and vacate an interlocutory order appointing a receiver. *Wabash R. Co.* v.

2. *Dykeman, supra,* at page 64. When such a motion is made, overruled, and excepted to, the appeal is not from the ruling on the motion, but from the order appointing the receiver. *State* v. *Union Nat. Bank* (1896), 145 Ind. 537, 544, 545, 57 Am. St. 209.

If filing such motion before an appeal from an interlocutory order appointing a receiver without notice does not waive the right to appeal from such order, cer-

3. tainly the filing of such motion after the appeal is perfected does not waive the right to prosecute such appeal. The statute provides: "Receivers shall not be appointed, either in term time or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit." §1244 Burns 1901, §1230 R. S. 1881 and Horner 1901. It is insisted by appellant that the verified complaint does not state facts sufficient to authorize the appointment of a receiver without notice.

The only evidence given at the *ex parte* hearing for the appointment of the receiver was the verified complaint, which reads as follows: "John G. Bryson complains of the Continental Clay & Mining Co., and says that said defendant is a corporation, carrying on a general clay and coal mining business, in pursuance of the laws of the State of Indiana, and having an office and agency for the transaction of such business in the county of Clay; that he, the plaintiff herein, is a stockholder in said corporation; that the business of said corporation has been conducted in such a loose, careless and reckless manner as that there now exists an outstanding indebtedness against said corporation of more than $50,000, as plaintiff is informed and believes; that the receipts accumulated by said corporation are all

paid out in salaries and in the carrying on of the business of said corporation, without any corresponding benefits or profits to the stockholders, including plaintiff herein; that the business of said corporation is now, and for a long time past has been, a losing business, and there *is* no prospect that it will or can be conducted in the future, under the present management, on a paying basis; that said corporation is now unable and without funds to meet its indebtedness and is insolvent, or at least in imminent danger of becoming insolvent. Plaintiff now further shows that the board of directors of said corporation have authorized one Legnard, its president, to dispose of the assets of said corporation; that said Legnard is a nonresident of the State of Indiana, and if he is permitted to turn the assets of said corporation into cash or available securities he will, in all probability, take the same outside the jurisdiction of this court; that said Legnard is the principal stockholder in said corporation, and plaintiff believes that he would not dispose of the assets of the corporation to the best advantage of the minority stockholders; that said corporation is now threatening to sell the property of the corporation, over the protests and objections of this plaintiff. Wherefore, plaintiff prays for an accounting to him by said corporation and that the court, upon proper and sufficient hearing and proof, order that the affairs of said corporation be wound up and dissolved, that the proceeds be applied to the extinguishment of its debts, and that the surplus, if any, be divided among the stockholders. And plaintiff further prays the court that to that end a receiver be appointed, without notice, to take charge of the property, business, assets and avails of said corporation for the purpose of winding up the affairs thereof, and plaintiff also prays for all other relief in the premises."

Courts of equity are exceedingly unwilling to appoint receivers on an *ex parte* application. It is now the settled

practice not to appoint a receiver *ex parte* and
4. thereby deprive a corporation of the possession of
its property before it has an opportunity to be heard
in relation to its rights, except in those cases where it is
out of the jurisdiction of the court or none of its officers
can be found, or where, for some other reason, it becomes
absolutely necessary for the court to interfere before there
is time to give notice to the corporation to prevent the loss
or destruction of property. It must be a case of imperious
necessity and when protection cannot be afforded the
plaintiff in any other way. High, Receivers (3d ed.),
§§105, 106, 111, 112, 113, 115, 117; 17 Ency. Pl. and
Pr., 717-719, 735; Gluck & Becker, Receivers, §16;
*Cameron* v. *Groveland Improv. Co.* (1898), 72 Am. St.
26, and note pages 36-38, and cases cited; Alderson, Receivers, §121; *Wabash R. Co.* v. *Dykeman, supra,* and
cases cited; *Chicago, etc., R. Co.* v. *Cason* (1892), 133
Ind. 49, 51; *Sullivan Electric, etc., Co.* v. *Blue* (1895),
142 Ind. 407, 409-418; *Winchester Electric Light Co.* v.
*Gordon* (1896), 143 Ind. 681; *Grandin* v. *La Bar* (1891),
2 N. Dak. 206, 213-216, 50 N. W. 151; *Joseph Dry Goods
Co.* v. *Hecht* (1903), 120 Fed. 760, 764, 765, 57 C. C. A.
64, and cases cited; *Cabaniss* v. *Reco Min. Co.* (1902), 116
Fed. 318, 323, 324, 54 C. C. A. 190, 195, 196.

It was said in the case last cited: "When such notice
can be given it should be given, unless there is imminent
danger of loss, or great damage, or irrevocable injury, or
the greatest emergency, or when by the giving of notice the
very purpose of the appointment of a receiver would be
rendered nugatory; and such instances are of rare occurrence in the federal courts, because of their power,
when an injunction is asked for, to grant a temporary restraining order (Rev. St. U. S. §718), which may be
served at the same time that the notice is served, to prevent
action by the defendant or his agent, and to preserve the
existing conditions until the application for an injunction

and for a receiver can be heard. *North American Land, etc., Co.* v. *Watkins* [1901], 109 Fed. 101, 48 C. C. A. 254."

Appellee insists that, as the complaint avers that appellant is insolvent and that Legnard, its president, is a non-resident of the State, and if he is permitted to turn

5. the assets into cash or available securities he will, in all probability, take the same outside of the jurisdiction of the court, and that plaintiff believes that he would not dispose of the assets to the best advantage of the minority stockholders, and that the corporation is now threatening to sell the property of the corporation, over the protests and objections of the plaintiff, an emergency for the appointment of a receiver without notice is shown.

The belief of appellee that Legnard would not dispose of the assets of the corporation to the best advantage of the minority stockholders, and the probability that said Legnard would, if the assets of the corporation were turned into cash, take the same out of the State, was not a sufficient showing to authorize the appointment of a receiver. This was a mere statement of the opinion of appellee. The facts upon which such opinion was founded should have been set forth in the verified complaint that the court might judge of its correctness. *Wabash R. Co.* v. *Dykeman, supra,* at page 65.

The verified complaint shows that appellant had an office in Brazil, Indiana, where the action was commenced, and

6. could readily have been served with notice, and there is no showing that irreparable injury or any loss or destruction of property would have resulted if notice of the application had been given. We need not and do not decide whether the complaint stated facts sufficient to authorize the appointment of a receiver, if notice of the application had been given. *Sullivan Electric, etc., Co.* v. *Blue, supra.*

It is evident from what has been said and the authorities cited that the facts stated in the verified complaint were not sufficient to authorize the appointment of a receiver without notice.

The interlocutory order appointing a receiver is reversed.