No. 11,097.

THE STATE v. HENDERSON.

CRIMINAL LAW.—*Indictment.*—*Perjury.*—Perjury can not be assigned upon the testimony of a witness, before a grand jury, that certain named persons "did not *unlawfully* sell intoxicating liquors to him," inasmuch as the opinion of the witness upon such a question of law is immaterial.

From the Morgan Circuit Court.

*F. T. Hord*, Attorney General, and *F. P. A. Phelps*, for the State.

*W. R. Harrison*, *W. E. McCord*, *G. W. Grubbs* and *M. H. Parks*, for appellee.

HAMMOND, J.—Indictment for perjury against the appellee. His motion to quash was sustained. The State excepted, and by a proper assignment of error in this court presents for our consideration the question of the sufficiency of the indictment.

The appellee, as charged in the indictment, was a person under the age of twenty-one years. He was, on November 21st, 1882, summoned before the grand jury as a witness and was duly sworn by the foreman.

The indictment then alleges: "And it then and there be-

came a material matter, and was the point in question by and before and with said grand jury, as to whether or not James Quinn, John D. Calder and William Enochs, or either of them, or any other person or persons, had at said county of Morgan and State of Indiana, at any time within the two years next preceding the 21st day of November, 1882, unlawfully sold or given away any intoxicating liquors to him, the said William Henderson, and whether or not the said William Henderson was then and there a person under the age of twenty-one years for the two years preceding said 21st day of November, 1882; and the said William. Henderson, upon his oath as aforesaid, * * * * did then and there swear and depose that he was a person under the age of twenty-one years, * * ** which evidence was then and there true. And said William Henderson, upon his oath as aforesaid, * * * did then and there unlawfully, feloniously, wilfully, corruptly and falsely depose and swear that the said James Quinn, and the said John D. Calder, and the said William Enochs had not, nor either of them had, at any time within the two years next preceding said 21st day of November, 1882, unlawfully sold or given to him any intoxicating liquors whatsoever in the county of Morgan and State of Indiana, and that no other person or persons had, at any time within the two years next preceding said 21st day of November, 1882, unlawfully sold or given to him any intoxicating liquors at said county of Morgan and State of Indiana."

The indictment then charges the truth to be that the persons above named had, at various dates, which are given, in said county and State, within two years preceding November 21st, 1882, unlawfully sold and given intoxicating liquors to the appellee.

It will be observed that the indictment does not charge that the appellee, in his evidence before the grand jury, swore that the persons named and others had not sold or given him intoxicating liquors. He swore that they had not *unlawfully* sold or given him such liquors. All the sales and gifts set

out in the indictment may have been made to him, and yet he would not be guilty of perjury so far as the facts were concerned. His guilt, if it existed as charged, may have arisen wholly out of his opinion of the legal effect of such sales and gifts. The most that is charged against him is that he feloniously, wilfully and corruptly swore that the sales and gifts of intoxicating liquors, alleged to have been made to him, were not unlawfully made.

We are of the opinion that it is not competent for the grand jury to take the opinion of a witness under oath as to the legal effect of facts about which he is required to testify. Such opinion is irrelevant and immaterial, and can not be made the basis for a charge of perjury. The appellee should not have been asked before the grand jury whether unlawful sales or gifts of intoxicating liquors had been made to him. The fact as to whether there had been sales or gifts of intoxicating liquors to him might have been elicited from his testimony, and it was then for the grand jury to say whether, from the facts stated, the sales and gifts, if any were testified to, were unlawful. Witnesses before the grand jury may be required to testify as to facts, and if they swear falsely as to these, they may be guilty of perjury. But their opinion of the law growing out of the facts, or their opinion whether a certain act was lawful or unlawful, should not be called for, and if called for and given, or offered voluntarily, a charge of perjury can not be predicated upon it. No doubt a jurist, called in a proper case to testify as to a foreign law, might be guilty of perjury, if he swore falsely, the same as a witness testifying as to a fact. But we hold that where a witness is called to testify solely in reference to facts, and where it is not a case calling for expert evidence as to questions of law, the witness can not be guilty of perjury in giving, voluntarily or otherwise, an opinion upon a point of law, or, what is the same thing, an opinion concerning the legal consequences of any admitted or disputed fact.

The case of *State* v. *Woolverton*, 8 Blackf. 452, is in point.

The defendant in that case had, in a suit against him before a justice of the peace, filed a sworn plea to the effect that the title to lands was in controversy growing out of a deed referred to in the plea. For this he was indicted for perjury, the perjury charged being for falsely swearing that the title to lands was in controversy, whereas it was alleged, that such title was not in issue. It was said by this court in that case: "It will be observed that the existence of the deed of defeasance is not denied, and it is very clear to us that the assertions in the plea upon which the perjury is assigned, 'that the title of lands is in controversy,' and 'that the title to lands is in issue in this cause,' are but the mere opinions of Woolverton as to the legal effect of said deed of defeasance; and being so, they will not support an indictment for perjury." See, also, *Rex* v. *Crespigny*, 1 Esp. 280; *Commonwealth* v. *Brady*, 5 Gray, 78.

We are of opinion that the indictment in this case was not sufficient, and that the motion to quash was properly sustained.

Judgment affirmed.