A. M. MAXWELL and others v. ALEXANDER JONES.

*Ejectment—Trespass—Landlord and Tenant.*

Plaintiff leased to a tenant and defendant evicted the tenant, thereupon the plaintiff and his tenant joined in an action against the defendant for the recovery of possession of the land and for damages. After verdict for defendant, the plaintiff moved for a new trial, upon the ground that the action was for a trespass on the possession of the tenant, which motion was refused;

*Held*, no error—there being no allegation or issue in reference to the tenant's possession, and plaintiffs' resting the whole case upon their title.

(*Smith* v. *Ingram*, 7 Ired., 175; *Gilchrist* v. *McLaughlin*, *Ib.*, 310; *Graham* v. *Houston*, 4 Dev., 232, cited and approved).

EJECTMENT tried at Spring Term, 1883, of ASHE Superior Court, before *Graves*, J.

Verdict and judgment in favor of the defendant; appeal by plaintiffs.

*Messrs. Q. F. Neal, D. G. Fowle* and *G. N. Folk*, for plaintiffs.
*Messrs. J. W. Todd* and *R. Z. Linney*, for defendant.

SMITH, C. J.   The allegations contained in the complaint are that the plaintiff Maxwell is and was seized and entitled to the possession of the tract of land in dispute, described by its boundaries, and had leased it to his co-plaintiff, Upchurch, for a term, not expired, and put him in possession, and that the defendant wrongfully entered and evicted the tenant.   The relief demanded is "judgment for the recovery of possession of said land and for two hundred dollars damages."

The answer is a separate and direct denial of each allegation.

The issues submitted to the jury, to each of which was returned an answer in the negative, are:

1. Is the plaintiff the owner in fee-simple of the lands described in the complaint?

2. Was the defendant in the wrongful possession of any portion of said lands when the action was brought?

On the trial the plaintiff exhibited in evidence a grant of the land from the state, issued in the year 1844, from which he deduced title to himself.   The defendant claimed under an older grant made to one Roark, but did not connect himself with the estate of the grantee.   It was shown that at the time of the defendant's entry the plaintiff Upchurch was in possession under a lease from the other plaintiff for one year, and then in force.

No issue appears to have been asked in reference to the pos-

session of Upchurch and any rights of his incident thereto, nor was it the subject of comment; nor were any instructions relating thereto asked during the trial; but the plaintiffs "rested their whole case upon the title of Maxwell, and upon his right to recover."

Among other matters the court charged the jury "that the plaintiff must recover on the strength of his own title and not on the weakness of that of his adversary's," and to this the plaintiff excepted.

After verdict the plaintiffs moved for a new trial, on the ground that the action is for a trespass upon the possession of Upchurch, and not to determine the title to the land. The motion being refused and judgment rendered for defendant, the plaintiffs appeal.

There can be no objection to the instruction given in the action, if it be deemed to have for its object the restoration of the land to the plaintiffs, and no authority is needed to sustain its correctness as a principle of law.

But the action is manifestly of this kind from the structure of the complaint, the issues eliminated from the pleadings, and the conduct of the cause by both parties up to the close of the trial. The complaint asserts title as well as a right of possession in Maxwell, the wrongful entry and occupation by the defendant, and demands possession, also substantial damages for the withholding.

It is true the tenant is also a plaintiff, and this was a necessity; since he alone, being then entitled to possession under the lease, could sue for its restitution, and the two plaintiffs are associated because the entire estate, according to their averments, resided in them, and one or the other would be entitled to recover whenever the action was determined.

Again, if the action were for the invasion and usurpation of a possession merely, and this is sufficient for a recovery against a wrong doer with no title or right of entry, the damages would be merely nominal *for the entry*, while the demand is for the con-

tinued occupation since the entry. Possession must be regained before damages can be had for occupation held and injuries suffered by the premises subsequent to the original invasion. *Smith* v. *Ingram*, 7 Ired., 175; *Gilchrist* v. *McLaughlin*, *Ib.*, 310; *Graham* v. *Houston*, 4 Dev., 232.

These references show the action to be for the recovery of land and the damages incidental to and resulting from the continued wrongful occupation by the alleged aggressor, and upon this view the issues were prepared and submitted to two successive juries; nor was any objection made until the rendition of the last adverse verdict.

Under such circumstances the court properly refused to entertain a suggestion that the character and purpose of the action had been misunderstood, and that it only sought redress for an unlawful entry upon, and disturbance of, a mere possession of the tenant.

There has been a fair trial upon the merits and the plaintiffs must abide the result.

There is no error, and the judgment must be affirmed.

No error. Affirmed.