## Robbins *v.* Reed.

[No. 21,545. Filed May 24, 1910.]

1. RECEIVERS.—*Appointment.—Adequate Legal Remedy.*—A receiver will not be appointed, where the plaintiff has a legal remedy as adequate, effective and efficient as the appointment of a receiver. p. 293.

2. RECEIVERS.— *Appointment.— Exhausting Legal Remedy.*— The plaintiff is not required to exhaust his apparent legal remedy before applying for a receiver, evidence that the legal remedy is not adequate, or would be ineffectual, being sufficient. p. 294.

3. RECEIVERS.—*Appointment.—Adequate Legal Remedy.—Indemnifying Bonds.—Evidence.*—In a suit by one partner for the appointment of a receiver for the store in dispute, a bond given by the other partner for a temporary restraining order in a suit by defendant to enjoin plaintiff from participating in the store, does not afford to the plaintiff an adequate remedy. p. 294.

4. INJUNCTION.—*Bonds.—Damages.*—In a suit to enjoin defendant, who claimed to be a partner, from participating in the conduct of a store, a bond given for a temporary restraining order covers all damages caused by defendant's exclusion from the business. p. 294.

5. RECEIVERS.—*Partnership.—Accounting.*—In a suit for a dissolution of a partnership, for an accounting and for the appointment of a receiver, the plaintiff being excluded from any participation in the conduct of the store alleged to be jointly owned by plaintiff and defendant, the court may properly appoint a receiver to take charge of the property pending the determination of the suit. p. 295.

From Sullivan Circuit Court; *Charles E. Henderson*, Judge.

Suit by Edward H. Reed against Noah O. Robbins. From an interlocutory order appointing a receiver, defendant appeals. *Affirmed.*

*Cyrus E. Davis* and *Hunt & Gambill,* for appellant.

HADLEY, J.—On August 9, 1909, appellant Robbins began in the Sullivan Circuit Court his suit against appellee Reed, alleging, in substance, that he (Robbins) had for five years been engaged in business as a merchant; that Reed had no interest in said business, but that plaintiff had employed Reed as a clerk and salesman during the time; that in July, 1909, he had discharged Reed from the employment; that Reed refused to respect this discharge and refused to quit the service, and against plaintiff's orders and over his objections, daily entered the store and engaged in conducting the general business thereof. Prayer that Reed be enjoined from entering the store and from intermeddling with the business in any way. On August 10, 1909, a temporary restraining order was granted until October 11, for notice to the defendant. On August 12 Reed appeared and filed his motion to dissolve the restraining order, alleging in the motion that he was and had been from the beginning of the business a full partner with plaintiff, had put in an equal amount of capital, had given all of his time to the business, and had from the beginning practically the sole and absolute control of the business, that plaintiff had but little experience in the business, and was unskilled therein, and that defendant's exclusion therefrom was wrongful and detrimental to the business. The motion to dissolve was overruled on August 28. On September 6, 1909, pending the suit for injunction, appellee Reed began this suit in the same court against Robbins, alleging that he and Robbins had been engaged as equal partners in the mercantile business for five years under the name and style of N. O. Robbins & Co.; that defendant had taken entire possession of their

partnership business and assets, assumed entire control and had excluded plaintiff from the business and books, and was selling the goods of the firm, keeping no account of them, and otherwise scattering and wasting the assets of the firm, that defendant is wholly incompetent to conduct the business, for want of experience and because he is of unsound mind. He asked for a dissolution of partnership, an accounting, and for the appointment of a receiver to take charge of the partnership property, sell it, settle the estate and divide the proceeds. On September 18, 1909, after a hearing of the receivership issue by the regular judge in chambers, upon notice, a receiver was appointed to take charge of all the property of N. O. Robbins & Co. and preserve it, pending the trial of the main cause, from which interlocutory order appointing a receiver appellant prosecutes this appeal.

The only error complained of is that the facts disclosed do not warrant the appointment of a receiver.

It is expressly conceded by appellant in his brief "that the evidence for plaintiff is sufficient to justify the court in the appointment of a receiver, if it does not show that appellee has an adequate remedy at law."

So the only question before us is: Does the evidence disclose facts showing that the law affords plaintiff a complete remedy? It is a familiar principle, that relief by a receiver is an extraordinary equitable remedy, and is never exercised if the petitioner has a full and adequate remedy at law. *Drew* v. *Town of Geneva* (1898), 150 Ind. 662, 667, 42 L. R. A. 814. But a receiver will not be denied for this reason alone, unless it be made to appear "that the legal remedy is equally as complete, efficient and effective as that in equity." High, Receivers (4th ed.) §10, and cases collated.

In a proper case it is not necessary for a party to exhaust an apparent legal remedy before becoming entitled to a re-

ceiver.   In this respect it is sufficient to warrant the appointment, if it be shown that such legal remedy is inadequate, or would be ineffectual. *Chicago, etc., R. Co.* v. *Kenney* (1902), 159 Ind. 72; *Sallee* v. *Soules* (1907), 168 Ind. 624.

During the trial for a receiver, as a part of the evidence introduced by appellant in resisting the appointment, was a transcript of his complaint against appellee for an injunction filed on August 9, of the temporary restraining order granted thereon on August 10, of appellee's motion to dissolve the restraining order filed on August 12, of the judgment of the court overruling said motion, and of appellant's injunction bond, which is in these words:

"We undertake that plaintiff in the above-entitled cause will pay to defendant all damages and costs which may accrue to him by reason of all damages sustained by him in this suit.   August 10, 1909."

Appellant insists that this bond, given by him in his injunction proceeding as indemnity to appellee, afforded the latter full and adequate relief in his suit for a dissolution. We think not.   There is no relation between the two suits as brought.   They rest upon entirely different facts and seek wholly different reliefs.

In the injunction suit appellant alleges that he is the sole owner of the store and all its assets; that appellee has no interest therein, and is a trespasser, in that he wrongfully invades the store and intermeddles with the business, after he has been forbidden by appellant, and the relief prayed is that he be compelled to keep out, and quit his interference with the business.

The restraining order deprives appellee of the right to enter the store and to participate in its business, and leaves appellant in the full, unrestrained possession of, and dominion over, the disputed property.   The bond indemnifies appellee against any damage he may suffer

Robbins *v.* Reed—174 Ind. 291.

from being thus excluded from the store and business, which may perhaps embrace any damage he may be able to prove as resulting, directly from his absence, to the volume of business, to the good-will of the store, or anything else that affected the profits or general value of the property that can be traced directly to his exclusion or absence.

In appellee's suit for a dissolution and an accounting, it is alleged that the two are equal partners, having put in an equal amount of capital, and having an equal interest 5. in the business and assets; that appellant, his partner, is without experience in the mercantile business, is incompetent, of unsound mind, is making sales without keeping account, dissipating the business and wasting the assets. And the relief sought is a receiver to take full and absolute possession as against both partners, preserve the property, convert the assets into money, and settle the partnership under the direction of the court. The object of the former suit is to tie the hands of appellee and to preserve the *status quo,* upon the theory that the store is the absolute property of appellant, and he should be left free to do as he pleased with it, without any interference from appellee.

The object of the latter suit is to dispossess both parties, and to preserve the property, by the instrumentality of a disinterested party, for administration and distribution among the parties as their rights shall appear. The latter presents a strong case for a receiver.

To deny the appointment of a receiver in this case and to continue the injunction, and thus enlarge appellant's opportunity to do the things charged against him in appellee's complaint—that is, selling and otherwise disposing of the goods without keeping any account, and wasting the assets—might result in severe loss of property, for which, if a recovery could be had upon the bond (which we do not decide), would undoubtedly make it more difficult, and probably, to some extent impossible, for appellee to make his proof, and

thus he would find his remedy less complete and efficient than his remedy by receiver.

The order of the circuit court appointing a receiver is affirmed at the costs of appellant.