## MANNOS ET AL. *v.* BISHOP-BABCOCK-BECKER COMPANY.

[No. 22,232. Filed March 20, 1914.]

1. APPEAL.—*Evidence.*—*Weight and Sufficiency.*—In actions at law the court on appeal cannot weigh evidence, either oral or written, and neither can it weigh conflicting oral testimony in equity causes, but in such cases weighs the evidence only where it is wholly documentary or written. p. 345.

2. CHATTEL MORTGAGES.— *Receiver.*— *Allegations of Petition.*—*Insolvency.*—A verified petition for the appointment of a receiver in an action to foreclose a chattel mortgage, alleging "that plaintiff *believes* that the defendants are insolvent or in imminent

danger thereof", would not warrant the appointment of a receiver in an *ex parte* application therefor, hence where the averments of such petition were met by a verified answer containing direct, positive statements that there was neither insolvency nor imminent danger thereof, there was no sufficient showing to sustain a finding of insolvency, either present or prospective.  p. 347.

3.  RECEIVERS.—*Appointment.*—The appointment of a receiver involves the exercise of an extraordinary equitable power which will not be exerted where there is a full and adequate remedy at law.  p. 347.

4.  CHATTEL MORTGAGES.—*Receiver.—Allegations of Petition.—Sufficiency.*—The allegation in a verified application for a receiver to take charge of mortgaged chattels sold to defendants, that the property was in danger of being materially injured and by reason of its use and misuse had been injured, was merely the opinion of the affiant, and, in the absence of any statement of a specific fact as to such injury or misuse, the application did not state evidentiary facts sufficient to authorize the appointment of a receiver, especially in view of direct and specific statements to the contrary in defendant's verified answer.  p. 347.

5.  CHATTEL MORTGAGES.—*Receiver.— Ground for Appointment.— Delaying Completion of Issues.*—Delay in making up the issues in a suit to foreclose a chattel mortgage, resulting from dilatory tactics on the part of defendant's counsel, is not cause for the appointment of a receiver to take charge of the mortgaged property, in view of the court's ample power to prevent unnecessary delay in putting a cause at issue.  p. 348.

6.  RECEIVERS.—*Ground for Appointment.—Insolvency of Debtor.— Necessity of Showing.*—Although it is not always necessary to show insolvency of the debtor in order to obtain a receiver, where, in an application for a receiver for certain chattels pending the foreclosure of a mortgage thereon, the only showing was that the property was worth less than the face of the mortgage debt, and that its value would become somewhat impaired by continued use pending the hearing on the merits, the facts were insufficient to warrant the appointment of a receiver, since it is not apparent that plaintiff's legal remedy is inadequate.  p. 348.

From Dekalb Circuit Court; *Frank M. Powers,* Judge.

Action by the Bishop-Babcock-Becker Company against Thomas Mannos and another.  From an interlocutory order appointing a receiver, this appeal is prosecuted.  *Reversed.*

*Albert E. Thomas* and *Howard L. Townsend,* for appellants.

*Owen N. Heaton, B. F. Heaton, Frank S. Roby, Ward H. Watson, S. H. Esarey* and *E. D. Salsbury,* for appellee.

MORRIS, C. J.—This is an appeal from an interlocutory order appointing a receiver. Appellants purchased a soda fountain from appellee, a corporation, at a price of $2,200, and, in part payment thereof, executed thirty-five notes for $50 each, secured by a chattel mortgage on the fountain. One note fell due on August 3, 1911, and one of the others matured each month thereafter for sixteen months. By a provision of the mortgage, failure to pay any note at maturity caused all unpaid ones to mature at once. In December, 1911, appellee filed its complaint in the Allen Superior Court, alleging that appellants had failed to pay the notes maturing in August, September, October, November and December, 1911, and that each of the thirty-five notes was due and unpaid. Judgment on the notes, and a foreclosure of the chattel mortgage were demanded. The venue of the cause was changed to the Dekalb Circuit Court. Appellants filed a counterclaim for $1,000. In May, 1912, appellee, by verified petition, applied for the appointment of a receiver for the mortgaged property. To this petition, appellants filed a verified answer. The matter was submitted and heard on the petition and answer without other evidence, resulting in an order for the appointment of a receiver. From that order, this appeal is prosecuted.

It is contended by appellants that the order is not supported by sufficient evidence; that where, as here, the evidence is all written, this court is invested with the power and duty to weigh it. This court, in actions at law,

1. cannot weigh evidence, oral or written. *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 100 N. E. 758; Art. 1, §20, Constitution, Indiana. In equity causes, it will not determine where the preponderance lies in conflicting oral testimony. *Parkinson* v. *Thompson* (1905), 164 Ind. 609, 73 N. E. 109, 3 Ann.

Cas. 677. But in such cases, where the evidence is wholly documentary or written, it weighs the evidence adduced. *Sallee* v. *Soules* (1907), 168 Ind. 624, 630, 81 N. E. 587, and cases cited. The appointment of a receiver is purely of equitable cognizance. The material evidentiary statements of appellee's petition are as follows: "*The plaintiff believes that the defendants are insolvent, or in imminent danger of insolvency.* The plaintiff upon its own personal knowledge, and the knowledge of this affiant, says * * * that said property is being used by defendants and is in danger of being materially injured, and said property, by reason of its use, and misuse, by the defendants, has been injured and depreciated in value and is not now sufficient to discharge the said mortgage debt." (Italics ours).

A general summary of the statements in appellants' answer is as follows: appellants hold a ten-year lease on their place of business at a yearly rental of $1,800, which will not expire for nine years; exclusive of the fountain, appellants' own, and have in said place of business, fixtures and merchandise stock of the value of $3,000, all of which is paid for; they owe but $400, which is not due; they carry a daily balance in their bank checking account of from $500 to $800; their failure to pay appellee's notes sued on was not due to lack of funds but to the fact that they have a meritorious defense and counterclaim against appellee's claim; the fountain was purchased without opportunity of inspection, on certain representations of appellee, which were false, and by reason thereof appellants were damaged in the sum of $1,000; the counterclaim is made a part of the answer, by reference; the fountain is installed in their place of business, in Fort Wayne, and has not been and will not be damaged or injured; its use in such place will not decrease its value as much as removing and storing it; appellants are permanently located in said place of business and intend to continue their business there until the expiration of their lease, and will not

remove the fountain or their other property; appellants are partners, and no one of them is married, or has any one depending on him for support.

It will be noted that in appellee's verified petition the only averment relative to appellants' insolvency is "that plaintiff *believes* that the defendants are insolvent or in imminent danger thereof." Such verified statement would not warrant the appointment of a receiver in an *ex parte* application therefor. *Henderson v. Reynolds* (1907), 168 Ind. 522, 81 N. E. 494, 11 L. R. A. (N. S.) 960, 11 Ann. Cas. 977. Here, notice was given, but the verified answer meets appellee's averments regarding its belief, with direct, positive statements showing that there is no insolvency, nor imminent danger thereof. The evidence was insufficient to sustain a finding of appellants' insolvency, present or prospective. *Spurgen v. Rhodes* (1906), 167 Ind. 1, 78 N. E. 228; 34 Cyc. 133; High, Receivers (4th ed.) §89.

Appellants contend that in the absence of a showing of insolvency, a court of equity will not appoint a receiver in such case as this; that it is incumbent on an applicant for a receiver to show the inadequacy of legal remedies; they also contend that in other respects the evidence is insufficient. The appointment of a receiver involves the exercise of an extraordinary equitable power which will not be exerted where there is a full and adequate remedy at law. *Robbins v. Reed* (1910), 174 Ind. 291, 293, 91 N. E. 921. It is averred in the petition that the fountain "is in danger of being materially injured, and by reason of its use and misuse * * * has been injured." No specific fact is stated relative to any injury or misuse, either negligent or wilful, and we are inclined to the opinion that such statements, on a consideration of the petition alone, should be held as the mere opinions of the affiant. *Henderson v. Reynolds, supra,* 529, and cases cited. It must be remembered that

we are here dealing with the sufficiency of evidentiary facts to warrant the finding of an ultimate one and not the sufficiency of a pleading to repel a general demurrer. Ordinarily perjury cannot be predicated on the statement of an opinion. *State* v. *Henderson* (1883), 90 Ind. 406. It is manifest that, had this evidence been given orally, the admission of such statements would have been erroneous over objection that they were mere opinions or conclusions of the witness. The statements of appellants, in their answer, relative to the injury of the fountain are direct and specific. We are of the opinion that the weight of the evidence discloses no damage or injury to the fountain other than that naturally resulting from the ordinary use thereof contemplated by the mortgage.

There was much delay in making up the issues in the cause, and appellee, in its petition for the appointment of a receiver, charges appellants with unfairly causing 5. it. Conceding that appellants' counsel were dilatory in filing motions and pleadings, it does not follow that such fact would warrant the appointment of a receiver. The trial court is invested with ample power to prevent any unnecessary delay in putting a cause at issue, and it must be presumed that on proper request by appellee's counsel, the court would have taken such action as would have resulted in a speedy determination of the merits of the cause.

There are cases where it is unnecessary to show insolvency of the debtor. *Fink* v. *Montgomery* (1904), 162 Ind. 424, 68 N. E. 1010; *Robbins* v. *Reed, supra.* 6. Here there is no showing made that it will be more difficult to prove appellee's cause of action without impounding the mortgaged chattel, nor that there is danger of its removal from the jurisdiction of the court. It is only shown that it is worth less than the face of the mortgage debt, and that its value will become impaired somewhat by continued use, pending a hearing on the merits. Under

such facts, in the absence of a showing of insolvency, it would appear that appellee's remedy at law is full and adequate and consequently a receiver should not be appointed. *Heavilon* v. *Farmers Bank, etc.* (1881), 81 Ind. 249, 254; *Reynolds* v. *Quick* (1890), 128 Ind. 316, 27 N. E. 621; 34 Cyc. 112; High, Receivers (4th ed.) §§666, 676. The interlocutory order appointing a receiver is reversed, with costs.

NOTE.—Reported in 104 N. E. 579. As to title and rights of holder of mortgage of chattels after condition broken, see 96 Am. St. 682.