STEVE *v.* COLOSIMO.

[No. 26,735. Filed April 29, 1937.]

*Joseph H. Conroy,* and *Frank H. Sparber,* for appellant.

*Oscar B. Thiel,* and *Howard A. Englander,* for appellee.

TREMAIN, C. J.—This is an action by the appellee against the appellant to recover possession of certain real estate and . damages for its unlawful detention. There was a trial by the court in which judgment was rendered in favor of the appellee for the possession of the real estate and $400 in damages.

At the time of filing the complaint the appellee filed an affidavit, as provided in Chapter 254 of the 1927

Session of the General Assembly of the State of Indiana, being Sections 3-1304, 3-1305, and 3-1306 Burns Ind. St. 1933, sections 944, 945 and 946 Baldwin's Ind. St. 1934. That statute provides that in all actions in ejectment or for the recovery of the possession of real estate, the plaintiff may file with his complaint in the clerk's office an affidavit stating that he is entitled to the possession of the property described in the complaint; that the defendant unlawfully retains possession thereof, and the estimated value of the property together with the rental value. Upon the filing of the affidavit, the clerk shall issue an order to the sheriff to seize possession of the property described, and to forthwith serve a copy of the order on the defendant. The defendant may retain possession if, within five days after the receipt of the notice, he shall execute a written undertaking payable to the plaintiff, with surety to the approval of the sheriff, to the effect that the defendant will safely keep the property and will deliver the same to the plaintiff if judgment shall be rendered to that effect, and will pay to the plaintiff all sums of money that may be recovered in the action. But if such undertaking is not given within that time, then the sheriff shall forthwith seize possession of the property and deliver it to the plaintiff by removing the defendant therefrom, provided the plaintiff, within five days after the expiration of the time allowed the defendant to furnish such written undertaking, shall execute an undertaking payable to the defendant, with surety to be approved by the sheriff, to the effect that the plaintiff will prosecute his action with effect, and will pay the defendant all damages which he may recover in an action against the plaintiff.

The defendant (appellant) filed his written undertaking within the five days allowed by statute and retained possession of the property.

The appellant does not question the correctness of the final judgment rendered by the court, but relies solely upon an alleged error committed by the court in denying appellant's motion to quash the order directed to the sheriff to seize possession of the property. The appellant alleges in the motion that the affidavit filed by the plaintiff was insufficient for the reason that it omitted the word "unlawfully"—that is, the appellee did not allege appellant unlawfully retained possession. Also, the appellant alleges that the Act' is unconstitutional and void for the reason that it conferred judicial power upon the clerk, an administrative officer, and violated the Fourteenth Amendment of the Constitution of the United States, and Section 12 of Article 1 of the State Constitution.

While the appellant executed the undertaking provided by statute in order to permit him to hold possession of the real estate pending suit, nevertheless, he says that he executed the undertaking under protest. The court overruled his motion to quash the order issued by the clerk to the sheriff, directing him to seize possession of the property. After the execution of the undertaking by the appellant, the property was not seized by the sheriff, and the appellant retained possession until final determination of the cause, and continues in possession so far as the record discloses. It is not clear that the appellant has suffered any damages on account of the ruling of the court in denying appellant's motion to quash the order issued by the clerk. The failure of the appellant to question the correctness of the finding and judgment of the court upon the final trial of the cause precludes the appellant from presenting an alleged error in proceedings before the trial, which in no way affects the final judgment rendered.

Section 2-3231 Burns Ind. St. 1933, section 505 Baldwin's Ind. St. 1934, provides that no judgment shall be

stayed or reversed in whole or in part for any
defect in pleadings, process, entries, returns, or
other proceedings therein, which, by law, might
be amended by the court below. It is provided that
such defect shall be deemed to be amended in the Su-
preme Court; that the judgment shall not be stayed or
reversed, where it shall appear to the court that the
merits of the cause have been finally tried and deter-
mined in the lower court. The fact that the appellant
does not question the correctness of the final judgments
amounts to an admission upon his part that the cause
has been finally tried upon the merits.

There is no merit in the contention of the appellant
that the statute conferred judicial power upon the
clerk. The clerk of the circuit court is authorized
by law to issue many writs, without order of
court, upon the filing in court of proper plead-
ings, such as summons, subpoena, writ of replevin,
writ of attachment, warrent of arrest, writ of gar-
nishment, writ of execution, and order of sale upon
the filing of a praecipe, and in so doing he performs a
ministerial and not a judicial act.

Due process has not been denied the appellant. No
federal question is involved.

The purpose of the procedure provided for in that act
is to facilitate the administration of justice and to pre-
vent unnecessary delay of hearings involving
the possession of real estate. Since Chapter 254
was enacted, the defendant may give bond, as he
did in this case, and hold possession, or he may waive
that privilege and the plaintiff may give bond and take
immediate possession. If it is determined on final hear-
ing that the plaintiff's action was wrongful, the defend-
ant's remedy is an action upon the bond. If the defend-
ant remains in possession, by giving bond, and judg-
ment for possession and damages is rendered against

him, the judgment is made secure by the bond. The statute removes much of the incentive for filing dilatory pleas and motions for change of venue. The court remains open to every man for injuries done to him or his property. He has his remedy by due course of law.

Finding no error in the record, the judgment of the lower court is affirmed.