STATE EX REL. ALLISON *v.* BRENNAN, JUDGE.

[No. 28,759. Filed April 10, 1951.]

282

*C. K. McCormack,* of Indianapolis, for relator.

*Norman E. Brennan, pro se,* and *Robert E. Coates,* of Indianapolis, for respondent.

JASPER, J.—This is an original action by the relator against The Hon. Norman E. Brennan, as Judge of the Marion Superior Court, Room No. 3, for a writ of prohibition, prohibiting the court from continuing to exercise jurisdiction in a suit for a temporary injunction. A temporary writ of prohibition issued.

On February 7, 1951, the relator filed in the Marion Superior Court, Room No. 4, his complaint and affidavit[1] against Emma Ott for immediate possession of real

---

[1] See § 3-1304, Burns' 1946 Replacement.

estate, and a motion requesting the court to fix and determine the amount of the written undertaking.[2]

Following the statutory procedure, the relator posted his written undertaking, and the sheriff was ordered to eject Emma Ott from the real estate.[3]

On February 23, 1951, Emma Ott filed in the Superior Court of Marion County, Room No. 3, a complaint for a temporary injunction and a restraining order against the relator and the Sheriff of Marion County.

The complaint in ejectment and the temporary injunction suit involve the identical real estate and the same parties. The complaint for injunction alleges that Emma Ott has a good and valid defense at law to the ejectment suit and did tender her rent when due; that possession of the real estate is the essence of the ejectment; that if Emma Ott is dispossessed she will suffer permanent, irreparable, and great damage; that there is an emergency and no legal remedy exists.

The respondent Judge issued a restraining order against the relator and the Sheriff of Marion County, restraining each of them from dispossessing Emma Ott from the real estate, and setting a time for hearing on the temporary injunction.

The respondent has rightfully called the court's attention to the fact that the relator failed to comply with Rule 2-35 of this court, which rule, in part, provides that certified copies of all pleadings, orders, and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto. However, this court, upon petition of the relator, has granted permission to amend his peti-

---

[2] See Acts 1947, Ch. 215, § 1, p. 779; § 2-4727, Burns' 1946 Replacement (1949 Supp.).

[3] See §§ 3-1305, 3-1306, Burns' 1946 Replacement.

tion for a writ of prohibition by attaching to the petition certified copies of the necessary pleadings and orders. The relator has filed the necessary certified copies as Exhibits A and B, and Rule 2-35 of this court has now been complied with.

This court has jurisdiction to prohibit other inferior courts of concurrent jurisdiction from interfering in a cause when the exclusive jurisdiction has vested in one of them. *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 84 N. E. 2d 585; § 3-2201, Burns' 1946 Replacement.

From the facts herein set out, it is established that the ejectment and injunction suits both involve the same subject matter, namely, the same real estate. They also involve the same parties. Therefore, the court first having jurisdiction has exclusive jurisdiction until the cause in that court or on appeal is finally disposed of. *State ex rel. Ferger* v. *Circuit Ct., supra.*

The procedure for possession of real estate, and immediate possession, as set out in §§ 3-1304, 3-1305, and 3-1306, Burns' 1946 Replacement, places the duty on the clerk to issue the order for possession, and on the sheriff to approve the surety on the written undertaking. These are ministerial acts, *Steve* v. *Colosimo* (1937), 211 Ind. 673, 7 N. E. 2d 983, and are performed in the action for possession of real estate. The clerk's orders are a part of the cause of action. This court said in *Steve* v. *Colosimo, supra* (pp. 677, 678 of 211 Ind., p. 984 of 7 N. E. 2d) :

"The purpose of the procedure provided for in that act is to facilitate the administration of justice and to prevent unnecessary delay of hearings involving the possession of real estate. Since chapter 254 was enacted, the defendant may give bond as he did in this case, and hold possession, or he

*may waive* that privilege and the plaintiff may give bond and take immediate possession. If it is determined on final hearing that the plaintiff's action was wrongful, the defendant's remedy is an action upon the bond. If the defendant remains in possession, by giving bond, and judgment for possession and damages is rendered against him, the judgment is made secure by the bond. *The statute removes much of the incentive for filing dilatory pleas and motions for change of venue. The court remains open to every man for injuries done to him or his property.* He has his remedy by due course of law." (Italics supplied.)

Emma Ott has an adequate remedy at law.

Marion Superior Court, Room 4, having jurisdiction of the suit for possession, effectively segregated that case from the general class and excluded all courts of like jurisdiction from assuming any authority in connection therewith. For orderly procedure, and because of exclusive jurisdiction being vested in Marion Superior Court, Room 4, the writ should be made permanent. *State ex rel. Ferger* v. *Circuit Ct., supra.*

The temporary writ of prohibition heretofore granted is now by this court made permanent.

NOTE.—Reported in 97 N. E. 2d 925.