MEACHAM, ET AL. *v.* SANDERS, ET AL.

[No. 29,075. Filed March 25, 1954.]

*A. F. Zainey* and *A. J. Rucker*, both of Indianapolis, for appellant.

*William A. Boyce*, of Indianapolis, for appellee.

EMMERT, J.—This is an appeal from an interlocutory order appointing a receiver, after notice, pending an action for possession of real estate and to declare the purchasers' rights forfeited under a contract for the conditional sale of said real estate.

It is not necessary to set forth a summary of the evidence heard by the trial court on the hearing for the appointment of a receiver, nor is it necessary to set forth the rights of the parties under the contract. Chapter 254 of the 1927 Acts provides a statutory remedy which makes unnecessary the appointment of a receiver *pendente lite* in the appeal at bar. Sections 3-1304 to 3-1306, Burns' 1946 Replacement.

In *State ex rel. Allison* v. *Brennan* (1951), 229 Ind. 281, 285, 97 N. E. 2d 925, we held that this statutory procedure furnished an adequate remedy at law, and, therefore, a party had no right to enjoin the owners from taking possession pursuant to Ch. 254 of the 1927 Acts, when the possessor failed to file a bond in compliance with the Act. A necessary corollary to

this rule is that a plaintiff seeking possession has an adequate remedy at law provided by the statute so that a resort to equity for the appointment of a receiver is unnecessary. In the *Brennan* case, *supra,* we quoted with approval the language of this court in *Steve* v. *Colosimo* (1937), 211 Ind. 673, 677, 7 N. E. 2d 983, as follows:

> "The purpose of the procedure provided for in that act is to facilitate the administration of justice and to prevent unnecessary delay of hearings involving the possession of real estate. Since Chapter 254 was enacted, the defendant may give bond, as he did in this case, and hold possession, or he may waive that privilege and the plaintiff may give bond and take immediate possession. If it is determined on final hearing that the plaintiff's action was wrongful, the defendant's remedy is an action upon the bond. If the defendant remains in possession, by giving bond, and judgment for possession and damages is rendered against him, the judgment is made secure by the bond. The statute removes much of the incentive for filing dilatory pleas and motions for change of venue. The court remains open to every man for injuries done to him or his property. He has his remedy by due course of law."

"The appointment of a receiver involves the exercise of an extraordinary equitable power which will not be exerted where there is a full and adequate remedy at law. *Robbins* v. *Reed* (1910), 174 Ind. 291, 293, 91 N. E. 921." *Mannos* v. *Bishop-Babcock-Becker Co.* (1914), 181 Ind. 343, 347, 104 N. E. 579.

No unusual facts are in this record which would make the statutory remedy inadequate.

The order for appointment of a receiver is reversed.

Draper, C. J., concurs in result with separate opinion in which Bobbitt, J., concurs.

CONCURRING OPINION

DRAPER, C. J.—It has been held that legislation such as Burns' 1946 Repl., §§3-1304 to 1306 does not abridge the power of the court to appoint a receiver for the involved real estate. *Maxwell* v. *Jones* (1884), 90 N. C. 324. It was pointed out in that case that there may be less need for extending the equitable remedy because of the enactment of such legislation, but I am unwilling to say that the statutory remedy would always and under all circumstances be adequate. Situations may arise where the statute does not provide an adequate remedy, and I do not believe that the legislature intended to deprive courts of the right to appoint a receiver in actions such as the one at bar where such action is deemed necessary to protect the interests of the parties involved.

I concur in the result reached in this case, however, because under the facts of this case the statutory remedy does seem to be adequate.

Bobbitt, J., concurs in the above.

NOTE.—Reported in 118 N. E. 2d 126.