CORNETT *v.* CORNETT.

[No. 29,569. Filed March 27, 1958. Rehearing denied
April 30, 1958.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*Jas. T. Hooper, Sr.,* of Lawrenceburg, for appellee.

LANDIS, J.—Appellee filed divorce action in the Dearborn Circuit Court and appellant filed an alleged plea in abatement contending the court had no jurisdiction because the marriage was void under Burns' §44-209, as both parties at all times were residents of Indiana and had fraudulently gone to Kentucky to be married.

Appellee's answer to the plea in abatement alleged the marriage was valid and that the plea in abatement went to the merits, and the court on hearing ruled the so-called plea in abatement was in fact a plea in bar and went to the merits of the case and ordered appel-

lant to pay $25 per week support money and $150 attorney's fees for appellee's attorney.

Appellant has appealed from the proceedings, his assignment of errors containing eight alleged grounds for reversal. Appellant however has failed to set forth under the heading "Argument" of his brief a specification of any of his assignments of error as required by Rule 2-17 (e) of this Court. He simply states that the eight specifications of his assignment of errors "all resolve themselves in the fact, that appellant was denied a trial and hearing upon his sworn plea in abatement to the jurisdiction of the court of the person and the subject matter."

It is also impossible from an examination of appellant's brief to determine what kind of an appeal he is attempting to take as he says in his brief:

"... while this appeal may be entitled an appeal from an interlocutory order, it is in reason and in fact an appeal from a void judgment."

The synopsis of appellant in his brief that the various specifications of his assignment of errors "all resolve ... that appellant was denied a trial and hearing upon his sworn plea in abatement to the jurisdiction of the court of the person and the subject matter," is indicative that appellant is not complaining of any interlocutory order for the payment of money or any other kind of interlocutory order from which an appeal may be taken.[1]

1. The following statutes govern the taking of appeals from interlocutory orders, and such statutes are exclusive as to what interlocutory orders may be directly appealed from, viz.:

Burns' §4-214 (1946 Replacement). "Appeals to be taken to the Supreme Court—All others to Appellate Court.—Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court, viz.: . . .

"Eleventh. Appeals may be taken to the Supreme Court from the following orders: Interlocutory orders for the payment of

Neither is it an appeal from a final judgment of the court as it is well settled that the overruling of a plea in abatement is not a final judgment from which an appeal may immediately be taken,[2] as there are issues remaining undetermined, but such allegedly erroneous ruling must await final determination of the cause, and if adverse, appeal can then be taken from the final judgment rendered.

As appellant has not presented any question for decision which can be considered on an appeal from an interlocutory order and as no final judgment was rendered below from which appellant could appeal, appellee's motion to dismiss is sustained, and the appeal dismissed.

Emmert, C. J., and Bobbitt, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 148 N. E. 2d 840.

---

money or to compel the execution of any instrument in writing or the delivery or assignment of any securities, evidences of debt, documents or things in action." (Acts 1925, ch. 201, §1, p. 487.)

Burns' §2-3218 (1946 Replacement). "Appeals from interlocutory orders.—An appeal to the Supreme Court may be taken from an interlocutory order of any circuit, superior or probate court, or judge thereof, in the following cases:

"First. For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents or things in action.

"Second. For the delivery of the possession of real property or the sale thereof.

"Third. Granting, or refusing to grant, or dissolving, or overruling motions to dissolve, temporary injunctions, either in term or in vacation.

"Fourth. Orders and judgments upon writs of habeas corpus made in term or in vacation." (Acts 1921, ch. 251, §1, p. 741.)

2. *Chapman* v. *Chapman* (1953), 231 Ind. 556, 109 N. E. 2d 724; *Brown* v. *Doak Co.* (1922), 192 Ind. 113, 135 N. E. 343; *Bluffton, etc., Co.* v. *Moore-Mansfield, etc., Co.* (1916), 60 Ind. App. 567, 109 N. E. 406.