SHOLTY AND SHOLTY v. INDIANAPOLIS WATER CO., SHOREWOOD CORP.

[No. 1168S184. Filed December 1, 1970. No petition for rehearing filed.]

*Joe Heaton,* of Tipton, *John S. Grimes,* of Indianapolis, for appellants.

*G. R. Redding, Virgil L. Beeler, Baker & Daniels,* of Indianapolis, for appellees.

DEBRULER, J.—This is an interlocutory appeal from an order of the Hamilton Superior Court setting bond in an ejectment action at $2,000.00. Appellee filed the ejectment action against appellants and an affidavit of possession pursuant to Acts 1927, ch. 254, § 1, Burns Ind. Ann. Stat. § 3-1304. On September 30, 1968, the trial court ordered the clerk to issue the writ and set the bond at $2,000.00. Appellant's motion to reconsider the amount of the bond was denied. Appellant's sole contention on appeal is that the trial court erred in setting the amount of the bond.

Appellee moves to dismiss this appeal on the ground that it does not fall within one of the statutory categories of orders wherein an interlocutory appeal may be taken. The two statutes in effect at that time setting out those categories read as follows:

> "Eleventh. Appeals may be taken to the Supreme Court of Indiana from the following orders: Interlocutory orders for the payment of money or to compel the execution of any instrument of writing or the delivery or assignment of any securities, evidences of debt, documents or things in action.
> "Twelfth. Interlocutory orders for the delivery of the possession of real property or the sale thereof.
> "Thirteenth. Interlocutory orders appointing or refusing to appoint receivers, and interlocutory orders granting or refusing to grant, or dissolving or overruling motions to dissolve temporary injunctions.
> "Fourteenth. Interlocutory orders upon writs of habeas corpus. . . ." Acts 1901, ch. 247, § 9, as last amended by Acts 1963, ch. 279, § 1, Burns Ind. Stat. Ann. § 4-214.
> "An appeal to the Supreme Court may be taken from an interlocutory order of any circuit, superior or probate court, or judge thereof, in the following cases:

"First. For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents or things in action.

"Second. For the delivery of the posession of real property or the sale thereof.

"Third. Granting, or refusing to grant, or dissolving, or overruling motions to dissolve, temporary injunctions, either in term or in vacation.

"Fourth. Orders and judgments upon writs of habeas corpus made in term or in vacation." Acts 1921, ch. 251, §1, Burns Ind. Stat. Ann. § 2-3218.

Appellant contends that he is appealing from an order for the delivery of the possession of real property which is appealable under the statute.

We think it is clear that the trial court order setting the amount of bond in an ejectment action should not be considered as one of the kinds of court orders from which an interlocutory appeal may be taken. In *Steve* v. *Colosimo* (1937), 211 Ind. 673, 7 N. E. 2d 983, this Court discussed the purpose of the procedure in ejectment actions by which the parties may post bond, as follows:

"The purpose of the procedure provided for in that act is to facilitate the administration of justice and to prevent unnecessary delay of hearings involving the possession of real estate. Since Chapter 254 was enacted, the defendant may give bond, as he did in this case, and hold possession, or he may waive that privilege and the plaintiff may give bond and take immediate possession. If it is determined on final hearing that the plaintiff's action was wrongful, the defendant's remedy is an action upon the bond. If the defendant remains in possession, by giving bond, and judgment for possession and damages is rendered against him, the judgment is made secured by the bond. The statute removes much of the incentive for filing dilatory pleas and motions for change of venue. The court remains open to every man for injuries done to him or his property. He has his remedy by due course of law." 211 Ind. at 677.

To permit a party to appeal from the trial court order setting bond in an ejectment action would cause unnecessary delay

in the proceedings and would definitely not facilitate the administration of justice. Therefore, there is no jurisdiction in this Court to hear this appeal and it is dismissed. *Cornett* v. *Cornett* (1958), 238 Ind. 215, 148 N. E. 2d 840; *Barnes* v. *Wagener* (1907) 169 Ind. 511, 82 N. E. 1037.

Hunter, C.J., Arterburn, Givan, and Jackson, JJ., concur.

NOTE.—Reported in 263 N. E. 2d 718.